# EXHIBIT C

Infosys®

**ATTACHMENT 2**
**MUTUAL ARBITRATION AGREEMENT**

This Mutual Arbitration Agreement ("Agreement") provides Infosys Limited ("Infosys"), its parents, subsidiaries, affiliates, successors and assigns and, you, the individual Signer ("Signer") a fair and efficient process to resolve certain claims and disputes arising out of or related to your employment application submitted to and, if hired, future employment relationship with Infosys.

This Agreement is a contract that creates a binding obligation and covers important issues regarding your relationship to Infosys. It is your sole responsibility to read and understand it.

I. INTRODUCTION. By entering this Agreement, Infosys and Signer agree to resolve covered claims and disputes as provided for in this Agreement before a neutral arbitrator. The Federal Arbitration Act (9 U.S.C. §1 *et seq*.) shall govern this Agreement, which evidences a transaction involving commerce. All disputes covered by this Agreement between Signer and Infosys shall be decided by a neutral arbitrator in an arbitration proceeding and not by a judge or jury in a court proceeding.

II. DISPUTES AND CLAIMS COVERED BY THIS AGREEMENT. Infosys and Signer mutually understand, contract, and agree to the resolution by arbitration of all claims, disputes, or controversies, past, present, or future, including without limitation, claims that arise out of or relate to Signer's recruitment, employment, or separation from employment with Infosys, including claims involving any current or former officer, director, shareholder, agent or employee of Infosys.

The covered disputes that are subject to arbitration under this Agreement are those that, in the absence of this Agreement, could have been brought in court under applicable state, federal or other law. Unless specifically excluded below, this Agreement applies, without limitation, to any claims based upon or related to discrimination, harassment, retaliation, defamation (including claims of post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, overtime, wages or other compensation, breaks and rest periods, claims arising out of or relating to the grant, exercise, vesting and/or issuance of equity in Infosys or options to purchase equity in Infosys, termination, tort claims, equitable claims, and all statutory and common law claims. The Agreement specifically covers, without limitation, all claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Credit Reporting Act, the Fair Labor Standards Act, the Equal Pay Act, the Genetic Information Non-Discrimination Act, each as amended, any state or local statutes, if any, addressing the same or similar subjects, and any and all claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance, except claims excluded in the section of this Agreement entitled "Disputes and Claims Not Covered by this Agreement."

III. DISPUTES AND CLAIMS NOT COVERED BY THIS AGREEMENT. Signer and Infosys understand and agree that the following claims and disputes are not covered by this Agreement and may therefore be resolved in any other appropriate forum as required by the laws then in effect:

- claims for workers' compensation benefits, unemployment insurance, or state or federal disability insurance;
- claims for benefits under a plan that is governed by the Signer Retirement Income Security Act of 1974 ("ERISA"); however, this Agreement does apply to any claims for breach of fiduciary duty, for penalties, or alleging any other violation of ERISA, even if such claim is combined with a claim for benefits;
- claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration, or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law;
- claims for collection of debt or other damages from Signer owed to Infosys due to fraudulent expense reimbursement requests or using the Infosys corporate credit card for personal and/or unauthorized purchases. However, if Signer brings a claim against Infosys pursuant to this Agreement, Infosys may, at its discretion, assert as a counterclaim any claims meeting the description of this paragraph;
- any other dispute or claim that has expressly been excluded from arbitration by statute.

The Arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable. However, as stated below in Section IV entitled "WAIVERS," the preceding sentence shall not apply to the class, collective, and representative actions described in the Waivers section.

Nothing in this Agreement should be interpreted as restricting or prohibiting the Signer from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that the Signer may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this Agreement but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Agreement.

IV. WAIVERS. Infosys and Signer hereby waive any right for any dispute to be brought, heard, decided or arbitrated as a class, collective, and/or representative action.

(a) CLASS ACTION WAIVER. To the extent permitted by law, all covered claims under this Agreement must be brought by Infosys or Signer in an individual capacity and not as a plaintiff or class member in any purported CLASS OR COLLECTIVE ACTION proceeding either in court or in arbitration ("Class Action Waiver"). Nor shall the Arbitrator have any authority to hear or arbitrate any such dispute.

Notwithstanding any other clause in this Agreement, the Class Action Waiver shall not be severable from this Agreement in any instance in which the dispute is brought or maintained as a class and/or collective action.

(b) REPRESENTATIVE ACTION WAIVER. Infosys and Signer also hereby waive any right for any dispute to be brought, heard, decided, or arbitrated as a PRIVATE ATTORNEY GENERAL REPRESENTATIVE ACTION ("Representative Action Waiver"). Nor shall the Arbitrator have any authority to hear or arbitrate any such dispute.

The Representative Action Waiver does not apply to any claim that Signer brings in arbitration as a private attorney general solely on his/her own behalf and not on behalf of or regarding others. The Representative Action Waiver shall be severable from this Agreement in any case in which there is a final judicial determination that the Representative Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances and where the claim is brought as a private attorney general, such private attorney general claim must be litigated in a civil court of competent jurisdiction.

Notwithstanding any other clause or language in this Agreement and/or any rules or procedures that might otherwise apply by virtue of this Agreement or by virtue of any arbitration organization rules or procedures that now apply or any amendments and/or modifications to those rules, any claim that the Class Action Waiver or Representative Action Waiver, or any portion of the Class Action Waiver or Representative Action Waiver is unenforceable, inapplicable, unconscionable, or void or voidable, shall be determined only by a court of competent jurisdiction and not by an arbitrator. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

V. TIME TO FILE CLAIMS. We understand and agree that the party initiating the claim must make a written request for arbitration of the claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim. The failure to submit a written request for arbitration within this time frame will constitute a waiver of all rights to raise those claims either through arbitration or otherwise that are subject to this Agreement. The Arbitrator will resolve all disputes regarding the timeliness or propriety of the request for arbitration and the apply the statute of limitations that would have applied if the claim(s) had been brought in court.

VI. PROCEDURE FOR SUBMITTING A REQUEST FOR ARBITRATION. A written request for arbitration of claims under this Agreement against Infosys shall be sent to the attention of Infosys Limited at the following address:

**CT Corporation System**
**1999 Bryan Street, Suite 900**
**Dallas, Texas 75201**

In the event that Infosys requests arbitration under this Agreement, Infosys shall send written notice to the last mailing address and personal email address it has on file for Signer.

VII. SELECTION OF NEUTRAL ARBITRATOR. The parties shall select the neutral arbitrator by mutual agreement. Unless the parties jointly agree otherwise, the Arbitrator shall be an attorney experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from any jurisdiction in the United States. The process for selecting an Arbitrator is as follows: Within twenty-one (21) days of receipt of the request for arbitration, the responding party shall tender to the complaining party a list of at least five names of acceptable arbitrators. Within twenty-one (21) days thereafter, the complaining party shall notify the responding party whether any of the proposed arbitrators are acceptable and, if none of the responding party's proposed arbitrators are acceptable, the complaining party shall tender to the responding party a list of at least five acceptable arbitrators. The responding party shall notify the complaining party within ten (10) days whether any of the complaining party's proposed arbitrators is acceptable.

In the event that the parties do not mutually agree to an arbitrator, the Arbitrator shall be selected as follows: The American Arbitration Association ("AAA") shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators. Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names, with the party to strike first to be determined by a coin toss, until only one remains. If no common name remains on the lists of all parties, the AAA shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party striking first to be determined by a coin toss, until only one name remains. That person shall be designated as the Arbitrator. If for any reason, that person cannot serve, the AAA shall issue another list of eleven (11) arbitrators and repeat the alternate strike selection process.

If for any reason the AAA will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted to appoint a neutral Arbitrator.

VIII. PLACE OF ARBITRATION. Unless the parties jointly agree otherwise, the arbitration shall take place in the county in which the Signer applied to work, works, or worked at the time the dispute or claim arose. If, however, such place is outside the United States, the arbitration shall take place in Dallas County, Texas, unless the parties jointly agree otherwise.

IX. ARBITRATION RULES AND PROCEDURES. We understand and agree that the arbitration shall be conducted in accordance with the then current American Arbitration Association Employment Arbitration Rules and Mediation Procedures ("AAA Employment Arbitration Rules"), except as otherwise provided in this Agreement. The AAA Rules are also

available via the internet at www.adr.org/employment or by using a service such as www.google.com to search for "AAA Employment Arbitration Rules".

Each party shall have the right to take the deposition of up to two individual witnesses and any expert witness designated by another party with each party having the right to designate only one expert. Each party also shall have the right to propound 15 requests for production of documents and 10 interrogatories to any party. Additional discovery may be had by mutual agreement of the parties or where the Arbitrator selected so orders pursuant to a showing of good cause by either party. Each party shall have the right to subpoena witnesses and documents for the arbitration, including documents relevant to the case from third parties, for the arbitration hearing. The Arbitrator shall apply the Federal Rules of Civil Procedure to resolve discovery disputes.

The Arbitrator shall have no authority to issue any third-party subpoenas seeking production of information or testimony before the arbitration hearing unless the Federal Court of Appeals for the federal district that would otherwise have jurisdiction over the dispute has expressly stated that the Federal Arbitration Act authorizes the Arbitrator to issue such subpoenas.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. Each party shall have the right to bring dispositive motions, including motions to dismiss and/or motions for summary judgment. The Arbitrator shall apply the standards for those motions under the Federal Rules of Civil Procedure.

The Federal Rules of Evidence shall apply to the arbitration proceedings. Either party may obtain a court reporter to provide a stenographic record of the proceedings. Either party, upon request at the close of the hearing, shall be given leave to file a post-hearing brief. The Arbitrator will set the time for filing such a brief.

To the extent that any of the AAA Employment Arbitration Rules or anything in this Agreement conflicts with the arbitration procedures required by law, the arbitration procedures required by law shall govern. Signer and Infosys also agree that nothing in this Agreement relieves either of them from any obligation they may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Agreement.

X. AWARD AND DECISION. The Arbitrator will issue a decision and award in writing, including the factual and legal basis for the decision. The Arbitrator may award to the Signer or to Infosys any remedy to which that party is entitled under applicable law (including, but not limited to, legal, equitable, and injunctive relief), but such remedies are limited to those that would be available to a party in his or her individual capacity in a court of law for the disputes presented to and decided by the Arbitrator. The Arbitrator is without jurisdiction to apply any different substantive law. The award may be entered in any court of competent jurisdiction.

XI. FINAL AND BINDING ARBITRATION. We understand that the arbitration of disputes and claims under this Agreement shall be instead of a trial before a judge and/or jury in a court proceeding. We also understand and agree that the Arbitrator’s decision will be final and binding

on both Infosys and the Signer, subject to review on the grounds set forth by the laws of State where the Signer was or is primarily employed by Infosys.

XII. COSTS OF ARBITRATION. Infosys will pay the Arbitrator's and arbitration fees and costs, except for the filing fee, if any, as required by the organization through which the arbitration is conducted. If the Signer is financially unable to pay a filing fee, he or she will be relieved of the obligation to pay the filing fee. If the law (including the common law) of the jurisdiction in which the arbitration is held requires a different allocation of arbitral fees and costs for this Agreement to be enforceable, then such law shall be followed. Any disputes as to the fees, costs, and the law that applies to fees and costs will be resolved by the Arbitrator.

Each party shall pay for its own costs and attorneys' fees, if any. The Arbitrator will not have any authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees as required or permitted by the applicable law. The Arbitrator will resolve any dispute as to whether Infosys or the Signer is the prevailing party in the arbitration.

XIII. GOVERNING LAW. The parties agree that Infosys is engaged in transactions involving interstate commerce. We understand that this is an Agreement to arbitrate under the Federal Arbitration Act, 9 U.S.C. §1 *et seq*. To the extent not inconsistent with the Federal Arbitration Act, this Agreement and its interpretation, validity, construction, enforcement and performance, as well as disputes and/or claims arising under this Agreement, shall be governed by the law of the State of Texas.

XIII. SEVERABILITY. Except as provided in Section IV "Waivers" above, if any provision of this Agreement is adjudged to be void, voidable or otherwise unenforceable, in whole or in part, such provision shall be severed from this Agreement. All remaining provisions shall remain in full force and effect.

IX. CONSIDERATION. Infosys and the Signer agree that the mutual obligations by each to arbitrate disputes provide adequate consideration for this Agreement.

X. ENTIRE AGREEMENT. We understand and agree that this Agreement is the sole and complete agreement between the parties on the subject of arbitration of disputes, except that if Signer and Infosys have a pre-existing agreement to arbitrate, and this Agreement is declared invalid, then the pre-existing agreement to arbitrate shall remain controlling. Further, we agree that this Agreement shall not supersede any arbitration agreement in connection with any benefit plan. This Agreement shall survive the termination of the Signer's employment with Infosys and the expiration of any benefit. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as set forth in this Agreement. Notwithstanding any contrary language, if any, in any Infosys policy or handbook, this Agreement may not be modified, revised or terminated absent a writing signed (electronically or otherwise) by both parties.

XI. NOT A CONTRACT OF EMPLOYMENT. This Agreement does not alter the "at-will" status of my employment. This Agreement is not, and shall not, be construed to create, any contract of employment, express or implied.

**Knowing and Voluntary Agreement**

WE UNDERSTAND AND AGREE THAT WE HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY OF OWN CHOOSING BEFORE ACCEPTING THIS AGREEMENT (THROUGH SIGNATURE OR ELECTRONIC ACCEPTANCE), AND WE HAVE HAD AN OPPORTUNITY TO DO SO. BY ACCEPTING THIS AGREEMENT, WE ACKNOWLEDGE WE HAVE READ THIS AGREEMENT CAREFULLY AND UNDERSTAND WE ARE WAIVING ALL RIGHTS TO A TRIAL OR HEARING BEFORE A JUDGE OR JURY OF ANY ALL DISPUTES AND CLAIMS SUBJECT TO ARBITRATION UNDER THIS AGREEMENT.

**Infosys Limited**



**Richard Lobo**
**EVP and Head Human Resources -Infosys Limited**