**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VENKATESWARA RAO ADDEPALLI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:24-cv-12933** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INFOSYS LIMITED,** | ) | **Judge Andrea R. Wood** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION**

Defendant Infosys Limited, by and through undersigned counsel, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and Federal Rule of Civil Procedure 12(b)(3), hereby submits its Reply to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Dismiss or Stay the Action.[1]

## ARGUMENT

### I. Plaintiff Received the Mutual Arbitration Agreement at the Same Time He Received His Offer Letter.

Plaintiff claims, without evidence, that he did not have access to Infosys' "internal systems" to review the Arbitration Agreement, that there is no proof Infosys provided Plaintiff with the Arbitration Agreement, and that he did not receive a five-day window to review the Arbitration Agreement. (Dkt 15 at 2-3, 8-9). However, the facts and supporting evidence outlined herein and in Infosys' Motion to Compel prove the contrary is true.

[1] To the extent Plaintiff's filing at ECF No. 15 is also an affirmative "Motion for Discovery", this filing also operates as Infosys' opposition to that request, for the reasons stated herein.

Infosys uses a Candidate Portal to send and maintain records regarding candidate offer letters, their attachments, and a candidate's acceptance of an offer. (Ex. A, Declaration of Joanne Polanowski ("Polanowski Decl.")). Candidates applying for a position at Infosys must use the Candidate Portal to submit an application and to review communications from Infosys regarding their application, including any offer of employment. (Ex. A, Polanowski Decl.). Records of each contact with a candidate are maintained in the Candidate Portal. (Ex. A, Polanowski Decl.).

The Candidate Portal for Plaintiff's profile shows that Defendant posted a document packet containing Plaintiff's Offer Letter and several attachments, including the applicable Arbitration Agreement, to the Candidate Portal for Plaintiff's review on October 30, 2019. (Ex. A, Polanowski Dec.). The Candidate Portal *also* shows that an email was sent to Plaintiff's personal email address notifying him that his Offer Letter had been posted to the portal and outlining the steps he needed to take to review and accept the offer. (Ex. A, Polanowski Decl.). The email address to which this notification was sent is the same email address Plaintiff presently uses in this matter, Rao_Add@yahoo.com. (Ex. A, Polanowski Decl.).

The Offer Letter explicitly stated that Plaintiff's employment with the Company was contingent upon Plaintiff's reading, understanding, and accepting the Arbitration Agreement, which was posted to and available on the portal at the same time as the offer letter. (Dkt 12 at 2; Dkt 12-1).

Further, the Offer Letter stated that Plaintiff had "5 business days" from the date of the Offer Letter (October 30, 2019)—the same date on which Defendant sent Plaintiff the Offer Letter and its attachments—within which to submit his acceptance. (Dkt 12-2). Defendant did not *require* that Plaintiff take the full five days and it was within Plaintiff's discretion to submit an acceptance earlier than that deadline. The fact that Plaintiff accepted before the expiration of

the five-day period does not negate that he was provided those days to review the Offer Letter and its attachments in detail.

There is no meaningful dispute that Plaintiff received the Arbitration Agreement before he commenced employment with Infosys.

## II. **Plaintiff Accepted the Mutual Arbitration Agreement.**

Plaintiff next argues that that he did not accept the Arbitration Agreement. (Dkt 15 at 2-3, 8). Again, the facts and supporting evidence outlined herein and in Infosys' Motion to Compel prove the contrary.

The email that Infosys sent to Plaintiff October 30, 2019, notifying him that his Offer Letter and its attachments had been posted to the Candidate Portal, instructed Plaintiff that he should accept the offer "using dedicated response form at the bottom of your offer letter." (Ex. A, Polanowski Decl.). Plaintiff undeniably accepted his offer of employment from Defendant by clicking the radio button next to the statement, "I have read, understood, and accepted all the terms and conditions contained in this offer letter *and the attached annexures*" on the Candidate Portal on October 30, 2019, at 5:51 PM. (Dkt 12-4; Ex. A Polanowski Decl.; Dkt 12-4).

This type of digital acceptance is unquestionably a legally binding method of accepting an agreement. *See Williams v. Kemper Corp.*, 608 F. Supp. 3d 708, 714 (S.D. Ill. 2022) (finding employee agreed to arbitration when employer "provided evidence of the Acknowledge Statement portion of [a training] module [related to arbitration], which instructed the employee to click 'I Agree' to electronically acknowledge his or her agreement to arbitrate."); *Holley v. Bitesquad.com LLC*, 416 F. Supp. 3d 809, 823 (E.D. Ark. 2019) (employee's digital affixation of an signature in response to a hiring packet containing an arbitration agreement indicated that employee signed and agreed to be bound by arbitration agreement); *Shahin v. J & L Acquisitions,*

*LLC*, No. CIV-24-414-R, 2024 WL 4804080, at *3 (W.D. Okla. Nov. 15, 2024) (employee's electronic signature to group of documents including employment agreement and arbitration agreement established valid assent and execution of each agreement within the group of documents); *Strain v. Murphy Oil USA, Inc.*, No. 6:15-CV-3246-MDH, 2016 WL 540810, at *3 (W.D. Mo. Feb. 9, 2016).

Thus, there is no meaningful dispute that Plaintiff accepted the Arbitration Agreement.

## III. Plaintiff Does Not Present Competent Evidence to Dispute That He Received and Accepted the Mutual Arbitration Agreement.

Throughout his Opposition, Plaintiff makes conclusory statements and allegations of fact to support his argument that he did not receive or sign the Arbitration Agreement. (Dkt 15). Plaintiff provides no competent evidence that indicates he did not receive the Arbitration Agreement or that he did not click to accept the terms of his offer letter and its attachments. Plaintiff's bare assertions in his Opposition, unsupported by any affidavit, declaration, or document, do not sufficiently contradict Defendant's Motion. *See Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir. 2015) ("[A]ssertions in briefs are not evidence [.]"); *Matter of Morris Paint & Varnish Co.*, 773 F.2d 130, 134 (7th Cir. 1985) ("Arguments and factual assertions made . . . in a brief, unsupported by affidavits, cannot be given any weight."); *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) ("[A] party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence […]").

## IV. Plaintiff Will Have the Opportunity for Discovery in Arbitration

Finally, in opposing Infosys' Motion, Plaintiff includes an affirmative request for "discovery." (Dkt 15 at 10-11). Defendant does not dispute that Plaintiff is entitled to discovery—but that discovery should proceed *in arbitration*, the forum in which Plaintiff

contractually agreed to pursue his claims. As outlined in detail in Infosys' opening brief, the Arbitration Agreement provides for meaningful written and oral discovery by both parties, and granting Infosys' motion will not deprive Plaintiff of the opportunity for discovery. (Dkt 12 at 4; Dkt 12-2).

## CONCLUSION

The Court should grant the Defendant's Motion, compel Plaintiff to arbitrate his Claims, and dismiss or alternatively stay the civil action because, in addition to the arguments and evidence set forth in Defendant's Motion: (a) there is no dispute that Plaintiff received the Arbitration Agreement; (b) there is no dispute that Plaintiff accepted the arbitration agreement when he accepted his offer letter and its attachments; and (c) Plaintiff has not offered any competent evidence to dispute his receipt and acceptance to the arbitration agreement.

Dated: February 24, 2025

Respectfully submitted,

/s/ *Samantha M. Rollins Murphy*

Samantha M. Rollins Murphy (admitted pro hac vice)
samantha.rollinsmurphy@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone : (612) 766-7000
Facsimile : (612) 766-1600

Tejal Garg
Tejal.garg@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
320 S. Canal St., Ste. 3300
Chicago, IL 60606
Telephone : (312) 569-1000
Facsimile : (312) 560-3000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I electronically filed the foregoing **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION** herein with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the registered CM/ECF participants.

____*/s/ _ Samantha M. Rollins Murphy*________