**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VENKATESWARA RAO ADDEPALLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-12933 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| INFOSYS LTD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's motion to compel arbitration and dismiss or stay the action [12] is granted and Plaintiff's motion for discovery, included within his response to the motion to compel arbitration [15], is denied as moot. Pursuant to 9 U.S.C. § 3, this case is hereby stayed pending the completion of arbitration proceedings. By 11/14/2025, the parties shall file a joint status report setting forth: (1) the status of the arbitration proceedings, and (2) whether any party believes there is any reason the stay of proceedings should be lifted. During the pendency of the arbitration proceedings, the parties will file updated joint status reports every 90 days. Notwithstanding the parties' obligation to file a joint status report, the parties shall promptly notify the Court upon conclusion of the arbitration proceedings. Telephonic status hearing set for 8/15/2025 is stricken; parties need not appear. See the accompanying Statement for details.

## STATEMENT

Plaintiff Venkateswara Rao Addepalli is a former employee of Defendant Infosys Limited ("Infosys"). Addepalli alleges that, during his employment with Infosys, he was discriminated against on the basis of his national origin and then terminated in retaliation for complaining about that discrimination. He has brought the present action *pro se*, asserting claims against Infosys under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Infosys contends that those claims are subject to an arbitration agreement that Addepalli executed when he was hired by Infosys. Thus, Infosys now moves to compel arbitration and dismiss or stay the action. (Dkt. No. 12.) For the reasons that follow, Infosys's motion is granted.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, "governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts in both state and federal courts." *Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir. 1995). The Act "embodies both a 'liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract.'" *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Concepcion*, 563 U.S. at 339 (citations omitted).

Under the Federal Arbitration Act, arbitration must be compelled when the following three elements are established: "a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). This Court reviews a motion to compel arbitration under the summary judgment standard. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). Thus, the Court must accept the non-movant's evidence as true and draw all reasonable inferences in his favor. *Id.* If the party opposing arbitration demonstrates that there is a genuine issue of material fact concerning the existence of an agreement to arbitrate, the issue shall proceed to trial. *Id.* However, "[a] trial to determine arbitrability is required . . . only if the issue an evidentiary hearing would resolve is fairly contestable." *Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 671 (7th Cir. 2003).

According to Infosys, it extended an offer of employment to Addepalli on October 30, 2019. (Def.'s Mot. to Compel Arbitration, Ex. A, Claiborne Decl. ¶ 4, Dkt. No. 12-1; Def.'s Mot. to Compel Arbitration, Ex. B, Offer Letter, Dkt. No. 12-2.) In its offer letter to Addepalli, Infosys states that its offer of employment is "contingent upon," among other things, his signing of a mutual arbitration agreement. (Def.'s Mot. to Compel Arbitration, Ex. B, Offer Letter.) That arbitration agreement provides, in relevant part, that "Infosys and Signer agree to resolve covered claims and disputes as provided for in this Agreement before a neutral arbitrator." (Def.'s Mot. to Compel Arbitration, Ex. C, Mutual Arbitration Agreement, Dkt. No. 12-3.) Among the claims that the arbitration agreement expressly identifies as covered claims are "any claims based upon or related to discrimination, harassment, [and] retaliation," which "specifically covers all claims arising under Title VII of the Civil Rights Act of 1964 [and] 42 U.S.C. § 1981." (*Id.*)

The express language of the arbitration agreement leaves no doubt that this action falls within its scope. Moreover, Addepalli has refused to submit to arbitration. Nonetheless, Addepalli contends that arbitration cannot be compelled because Infosys has not shown that he accepted the arbitration agreement. In determining the existence of an agreement to arbitrate, federal courts apply state-law principles of contract formation. *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 711 (7th Cir. 2019). Because Infosys asserts that Illinois law governs the dispute here and Addepalli does not contend otherwise, that is the substantive law the Court will apply. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011) ("In the absence of [a request to apply the law of a state other than the forum], we apply Illinois law to the question whether the parties agreed to submit disputes to arbitration."). An enforceable contract in Illinois requires "an offer, acceptance, consideration, and mutual assent." *Nat'l Prod. Workers Union Ins. Tr. v. Cigna Corp.*, 665 F.3d 897, 901 (7th Cir. 2011).

As noted above, Infosys's offer letter to Addepalli made its offer of employment contingent upon Addepalli signing the referenced arbitration agreement. That letter directed Addepalli to formalize his acceptance within five business days of the date of the offer letter. (Def.'s Mot. to Compel Arbitration, Ex. B, Offer Letter.) Separately, also on October 30, 2019, Infosys sent Addepalli an email notifying him that his offer letter and its attachments had been posted to Infosys's candidate portal. (Def.'s Reply in Supp. of Mot. to Compel Arbitration, Polanowski Decl. ¶¶ 4, 6, Dkt. No. 19-1.) That email included a link to Infosys's candidate portal and directed Addepalli to "confirm whether you are accepting the offer using [the] dedicated response form at the bottom of your offer letter." (Ex. B to Polanowski Decl., Dkt. No. 19-1.) And

Infosys has introduced evidence showing that Addepalli used that response form to indicate his acceptance of Infosys's offer on October 30, 2019. (Def.'s Mot. to Compel Arbitration, Ex. D, Dkt. No. 12-4.) Specifically, Addepalli affirmed that he had read, understood, and "accept[ed] all the terms and conditions contained in this offer letter and attached annexures." (*Id.*)

Taken together, the record demonstrates that Infosys notified Addepalli in writing that its employment offer was contingent on his execution of the arbitration agreement and that Addepalli used Infosys's candidate portal's response form to accept the offer. And Addepalli did subsequently commence working for Infosys and continued to do so until his termination giving rise to this lawsuit. Addepalli offers no evidence of his own to rebut Infosys's evidence showing their agreement to arbitrate. Typically, a defendant who disputes the existence of an arbitration agreement attempts to create a dispute of fact by submitting an affidavit or declaration with their sworn denial of entering into such an agreement. *E.g.*, *Bradley v. Meijer Stores LP*, No. 23 CV 1269, 2023 WL 3042984, at *4 (N.D. Ill. Apr. 21, 2023) ("There is a growing consensus among the courts of appeals that a party's sworn statement that he did not sign an arbitration agreement—if spelled out in sufficient detail—is sufficient to create a genuine issue of fact necessitating a trial.").

Addepalli's opposition brief conspicuously fails to deny outright that he accepted Infosys's employment offer on the terms set forth in the offer letter. Rather, Addepalli simply states that he "does not have any records in [his] possession to indicate that [he has] accepted the Mutual Arbitration Agreement." (Pl.'s Opp'n at 2, Dkt. No. 15.) Such a statement is akin to circumstances "where a plaintiff testifies he or she does not ***remember*** receiving or executing an arbitration agreement," which courts generally find "insufficient to create a genuine dispute of fact." *Muhammad v. Dollar Tree*, No. 18 C 04192, 2020 WL 1530750, at *4 (N.D. Ill. Mar. 31, 2020); *see also Greenhill v. RV World, LLC*, 727 F. Supp. 3d 798, 807 (S.D. Ill. 2024) ("[T]he mere fact that Plaintiff failed to read the Agreement, despite having the opportunity to do so, does not prevent the formation of the Agreement.").

Elsewhere in his brief, Addepalli seems to take issue with the form of Infosys's proof of his acceptance. For example, he faults Infosys for not "produc[ing] a copy of the system-generated confirmation email, which is considered the industry standard for electronic acceptance." (Pl.'s Opp'n at 8.) But Infosys has submitted declarations from its employees with knowledge of its policies and procedures for onboarding candidates and personnel files. Infosys also has submitted evidence that it emailed Addepalli's offer letter to the same email address that he provided to this Court in connection with the present action, that the email contained a link to Infosys's candidate portal where the offer letter and its attachments—including the arbitration agreement—had been posted, and that Addepalli had used that link to submit his acceptance of Infosys's offer. Thus, Infosys has come forward with proof of Addepalli's acceptance, thereby requiring Addepalli to come forward with his own evidence to rebut Infosys's proof; nitpicking about whether Infosys could have provided better proof does not suffice. *Tinder*, 305 F.3d at 735 ("[A] party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial.").[1]

---

[1] In a sur-reply, Addepalli asserts that Infosys waived its right to arbitrate by failing to invoke the arbitration agreement during administrative proceedings on his discrimination charge. But the arbitration

Because Infosys's evidence supports its claim that Addepalli agreed to arbitrate the claims here and Addepalli fails to squarely deny that his employment offer at Infosys was contingent on his acceptance of the arbitration agreement, the Court finds that arbitration must be compelled. As a result, the Court must determine whether to dismiss the action outright or stay it pending arbitration. Infosys argues that dismissal is proper because it has sought to enforce the arbitration agreement by way of a motion under Federal Rule of Civil Procedure 12(b)(3). However, the Seventh Circuit has recently clarified that Rule 12(b)(3) is not a proper vehicle for enforcing arbitration agreements. *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*, 104 F.4th 978, 984 (7th Cir. 2024). For that reason, the Court will not dismiss the action but instead grant Infosys's alternative request to stay the case to allow for arbitration in accordance with the parties' arbitration agreement.

Dated: August 15, 2025

Andrea R. Wood
United States District Judge

agreement makes clear that "[n]othing in this Agreement should be interpreted as restricting or prohibiting the Signer from filing a charge . . . with the U.S. Equal Employment Opportunity Commission . . . or any other federal, state, or local administrative agency" and "any dispute or claim that is covered by this Agreement but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Agreement." (Def.'s Mot. to Compel Arbitration, Ex. C, Mutual Arbitration Agreement.)