BC

FILED
3/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CVK

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VENKATESWARA RAO ADDEPALLI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 1:24−cv−12933** |
| | ) | **Judge Andrea R. Wood** |
| **v.** | ) | |
| | ) | |
| **INFOSYS LTD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DATED AUGUST 15, 2025 AND/OR ORDER DATED MARCH 11, 2026, BASED ON NEWLY DISCOVERED EVIDENCE AND PLAINTIFF'S SWORN DECLARATION**

## INTRODUCTION

Plaintiff Venkateswara Rao Addepalli, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 54(b) and, in the alternative, Rule 60(b)(2) and Rule 60(b)(6), to reconsider its Order dated August 15, 2025 (Dkt. No. 39) compelling arbitration and staying this action, and/or its Order dated March 11, 2026 (Dkt. No. 50) denying Plaintiff's prior motion for reconsideration. Plaintiff submits newly discovered evidence that was unavailable or withheld at the time of the prior briefing: (1) a screenshot of the actual "Offer of Employment" as it was presented to and accepted by Plaintiff on October 30, 2019 (Exhibit A), which conclusively demonstrates that no Mutual Arbitration Agreement ("MAA") appeared in the offer document Plaintiff viewed and accepted; (2) The offer was presented to the Plaintiff using a portal link only on October 30, 2019 (Exibit

B and Exibit C), which conclusively demonstrates that no Mutual Arbitration Agreement ("MAA") were ever sent to the Plaintiff in any other way;  and (3) the sworn Declaration of Venkateswara Rao Addepalli expressly and unequivocally denying that he accepted or consented to the MAA.

This newly submitted evidence directly cures the specific deficiency identified by the Court in its August 15, 2025 Order: that "Addepalli fails to squarely deny that his employment offer at Infosys was contingent on his acceptance of the arbitration agreement." (Order at 4.) Plaintiff now makes that square denial, under oath, and supports it with contemporaneous documentary evidence that was never presented to the Court. Reconsideration is warranted to prevent a manifest injustice.

**PROCEDURAL BACKGROUND**

On December 31, 2024, Plaintiff filed this action alleging discrimination based on national origin and retaliatory termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. (Dkt. No. 1.)

On January 27, 2025, Defendant Infosys Limited filed a Motion to Compel Arbitration (Dkt. No. 12), supported by: (A) the Declaration of Kimberly Claiborne (Dkt. No. 12-1); (B) a purported Offer Letter (Dkt. No. 12-2, "Exhibit B"); (C) the Mutual Arbitration Agreement (Dkt. No. 12-3, "Exhibit C"); and (D) an offer acceptance form (Dkt. No. 12-4, "Exhibit D").

On February 10, 2025, Plaintiff, proceeding pro se and without legal counsel, filed his opposition (Dkt. No. 15). Plaintiff stated that he did not have any records in his possession indicating that he accepted the Mutual Arbitration Agreement.

On August 15, 2025, this Court granted Defendant's Motion to Compel Arbitration and stayed the action. (Dkt. No. 39.) The Court found that Plaintiff's opposition "conspicuously fails to deny outright that he accepted Infosys's employment offer on the terms set forth in the offer letter" and that Plaintiff "fails to squarely deny that his employment offer at Infosys was contingent on his acceptance of the arbitration agreement." (Order at 3–4.)

On August 18, 2025, Plaintiff filed a motion to lift the stay and declare the arbitration agreement unenforceable. (Dkt. No. 40.) On March 11, 2026, the Court denied that motion, finding that most arguments had been previously raised or could have been raised earlier. (Dkt. No. 50.)

Plaintiff now presents newly discovered evidence—including his own sworn declaration and a contemporaneous screenshot of the offer document together with the emails to access the URL as actually presented to him—that was not before the Court in the prior proceedings.

## NEWLY DISCOVERED EVIDENCE

### A. The Employment Agreement Acceptance Email and Screenshot of the Actual Offer Document

Plaintiff submits as Exhibit A, Exhibit B & Exhibit C the Employment Agreement Acceptance Email he received from Infosys on or around October 30, 2019, along with a screenshot of the "Offer of Employment" document as it was actually presented to him through Infosys's candidate portal at the time of acceptance.

The screenshot constitutes the primary, contemporaneous evidence of what was actually presented to Plaintiff when he accepted the employment offer. The following facts are established by Exhibit A, Exhibit B & Exhibit C:

- The offer document was accessible only via a URL provided by Defendant through its candidate portal. No download option was made available to Plaintiff.
- Plaintiff saved a screenshot of the offer document for his personal records—the only means available to him to preserve the contents of what was presented. The screenshot was emailed to the defendant.
- The screenshot shows the complete offer document as visible on Plaintiff's screen at the time of acceptance. The vertical scroll bar visible at the right side of the screen confirms that Plaintiff had scrolled to the bottom of the document, and no further content—including any Mutual Arbitration Agreement—was visible or presented beyond what appears in the screenshot.
- The screenshot does not show or reference any arbitration agreement, mutual arbitration agreement, or any notice that acceptance of employment was contingent upon agreement to arbitrate.
- The only version of the Offer of Employment that includes the MAA is the version produced by Defendant after this lawsuit was filed, long after Plaintiff accepted the offer in October 2019.

This evidence directly contradicts Defendant's Exhibit B (the offer letter submitted with its motion to compel) and demonstrates a genuine dispute of material fact as to what was actually presented to and accepted by Plaintiff.

**B. Defendant's Exhibit D Shows Acceptance Only—Not the Contents of What Was Accepted**

Defendant's Exhibit D (Dkt. No. 12-4), the offer acceptance form, was relied upon by the Court to find that Plaintiff "affirmed that he had read, understood, and 'accept[ed] all the terms and conditions contained in this offer letter and attached annexures.'" (Order at 3.) However, Exhibit D shows only that an acceptance was recorded. It does not show, and cannot establish, the contents of what Plaintiff actually viewed and accepted.

The actual contents of what Plaintiff accepted are demonstrated by Exhibit A—the Employment Agreement Acceptance Email and the contemporaneous screenshot of the offer document. Defendant was in possession of this email and the underlying portal records at all times. Defendant was therefore fully aware of the material facts surrounding what was presented to and accepted by Plaintiff. Defendant's deliberate reliance on Exhibit D, while omitting the email and screenshot contained in Exhibit A, Exhibit B & Exhibit C constitutes a selective and misleading presentation of the record.

**C. The Declaration of Venkateswara Rao Addepalli**

Plaintiff files herewith the Declaration of Venkateswara Rao Addepalli in Support of this Motion ("Addepalli Declaration"). The Declaration provides the sworn, direct denial that the Court identified as lacking in its August 15, 2025 Order. In his Declaration, Plaintiff states under oath:

- He did not at any time consent to or agree to the Mutual Arbitration Agreement.

- The offer document as presented to him through the Infosys candidate portal did not include a Mutual Arbitration Agreement.
- He had no knowledge that his employment offer was purportedly contingent upon agreement to arbitrate, because no such condition appeared in the offer document he viewed and accepted.
- He first became aware of the existence of the MAA when Defendant introduced it as an exhibit in this litigation, after the lawsuit was filed.

The Seventh Circuit and courts in this district have consistently held that a sworn denial of an arbitration agreement—spelled out in sufficient detail—is sufficient to create a genuine issue of fact requiring trial. Bradley v. Meijer Stores LP, No. 23 CV 1269, 2023 WL 3042984, at *4 (N.D. Ill. Apr. 21, 2023). This Court specifically cited Bradley in its August 15, 2025 Order as the standard for creating a triable issue. Plaintiff now meets that standard.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54(b), a district court may reconsider any interlocutory order at any time before entry of a final judgment. Wiegel v. Stork Craft Mfg., Inc., 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012). Reconsideration is appropriate to "correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996).

In the alternative, Rule 60(b)(2) provides for relief from a final order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in

time to move for a new trial under Rule 59(b)." Rule 60(b)(6) further provides relief for "any other reason that justifies relief" in extraordinary circumstances. Plaintiff submits that both provisions support reconsideration here.

Under the summary judgment standard applicable to motions to compel arbitration, the Court must "accept the non-movant's evidence as true and draw all reasonable inferences in his favor," and must order a trial if "the party opposing arbitration demonstrates that there is a genuine issue of material fact concerning the existence of an agreement to arbitrate." Tinder v. Pinkerton Sec., 305 F.3d 728, 735 (7th Cir. 2002).

## ARGUMENT

### I. THE NEWLY DISCOVERED EVIDENCE CREATES A GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL ON ARBITRABILITY

The Court's August 15, 2025 Order compelled arbitration because Plaintiff failed to submit a sworn denial of the arbitration agreement and offered no evidence to rebut Infosys's evidence of acceptance. (Order at 3–4.) Plaintiff now presents both: a detailed sworn declaration expressly denying that he accepted or consented to the MAA, and contemporaneous documentary evidence—the screenshot of the actual offer document as presented to him—showing that the MAA was not included in the offer he viewed and accepted.

Together, these submissions create a genuine issue of material fact as to whether a valid agreement to arbitrate was ever formed. This is precisely the circumstance that requires a trial on arbitrability. Tinder, 305 F.3d at 735; see also Bradley, 2023 WL 3042984, at *4

("There is a growing consensus among the courts of appeals that a party's sworn statement that he did not sign an arbitration agreement—if spelled out in sufficient detail—is sufficient to create a genuine issue of fact necessitating a trial.").

## II. PLAINTIFF'S FAILURE TO SUBMIT A SWORN DENIAL AT THE PRIOR STAGE WAS THE DIRECT RESULT OF HIS PRO SE STATUS AND THE INFORMATION ASYMMETRY CREATED BY DEFENDANT'S LITIGATION STRATEGY

The Court's August 15, 2025 Order acknowledged that a party typically creates a triable issue by "submitting an affidavit or declaration with their sworn denial of entering into such an agreement." (Order at 3, citing Bradley.) That Plaintiff did not do so was not for lack of merit, but for lack of legal knowledge.

Plaintiff is a pro se litigant without legal training or counsel. Confronted with corporate declarations, portal screenshots, and formal legal briefing from Defendant's attorneys, Plaintiff did not know that the law required him to submit his own sworn affidavit to create a triable issue of fact. Defendant's counsel—aware of the evidentiary standard from Bradley and the case law it cites—chose not to alert Plaintiff or the Court to the fact that a proper sworn denial would have defeated its motion. This information asymmetry operated directly to Defendant's advantage and to Plaintiff's prejudice.

Courts have recognized that pro se litigants are entitled to some leeway in procedural matters, and that rigid enforcement of technical requirements against unrepresented litigants can result in manifest injustice. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (pro se pleadings held to less stringent standards). Permitting reconsideration to

accept Plaintiff's sworn declaration—which directly cures the identified deficiency—serves the interests of justice without prejudicing Defendant.

## III. PLAINTIFF'S CHALLENGE TO THE ENFORCEABILITY OF THE MAA IS CONSISTENT WITH, AND DOES NOT IMPLY, ACCEPTANCE OF THE MAA

Plaintiff has consistently maintained two independent positions throughout this litigation: (1) he did not consent to the Mutual Arbitration Agreement; and (2) even if the MAA were deemed accepted, it is void and unenforceable.

These positions are legally distinct and not in conflict. Challenging the enforceability of a contract does not constitute acceptance of that contract. It is a standard and well-recognized approach in contract law to argue in the alternative: "I did not agree to this contract, but even if I did, it is unenforceable." Courts routinely accept such alternative arguments. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically.").

To the extent the Court has interpreted Plaintiff's enforceability arguments as implicitly conceding the existence of an agreement, Plaintiff respectfully submits that this interpretation is erroneous. Plaintiff's assertion that the MAA is procedurally and substantively unconscionable has never been, and should not be read as, an admission that he agreed to its terms.

## IV. THE COURT SHOULD EXERCISE ITS DISCRETION TO RECONSIDER IN ORDER TO PREVENT MANIFEST INJUSTICE

The evidence now before the Court, including the screenshot of the actual offer document and Plaintiff's sworn declaration, was not available to the Court when it ruled on Defendant's motion to compel arbitration. Plaintiff could not have submitted the screenshot earlier because he did not understand its legal significance as a pro se litigant; he did not know that documentary evidence of the contents of the offer document—as opposed to the offer document produced by Defendant after litigation commenced—would be dispositive. That understanding came only with further research and the development of Plaintiff's legal arguments.

Defendant, by contrast, was in possession of the Employment Agreement Acceptance Email (Exhibit A) at all times. Defendant knew that the email and the contemporaneous portal records would show exactly what was presented to Plaintiff. Defendant chose to produce only Exhibit D—a bare acceptance form—while withholding Exhibit A. This selective disclosure, combined with Defendant's silence regarding the evidentiary standard that would have armed Plaintiff to defeat the motion, constitutes circumstances warranting equitable relief under Rule 60(b)(6).

To deny reconsideration on these facts would be to permit Defendant to benefit from its own selective disclosure and from Plaintiff's ignorance of legal procedure—a result that no court committed to justice should sanction.

## V. THE COURT SHOULD ORDER TRIAL ON THE QUESTION OF ARBITRABILITY

Under 9 U.S.C. § 4, if the Court finds that there is a genuine issue of material fact as to whether the parties entered into a valid arbitration agreement, it shall "proceed summarily

to the trial thereof." The newly submitted Addepalli Declaration and Exhibit A create at minimum a triable issue as to whether Plaintiff ever viewed, was presented with, or consented to the Mutual Arbitration Agreement. The Court should therefore lift the stay, vacate the order compelling arbitration, and schedule a trial on the question of arbitrability.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

- Grant reconsideration of its Order dated August 15, 2025 (Dkt. No. 39) and/or its Order dated March 11, 2026 (Dkt. No. 50);
- Find that the newly submitted Exhibit A (Employment Agreement Acceptance Email and screenshot) and the Addepalli Declaration create a genuine issue of material fact as to whether Plaintiff ever accepted the Mutual Arbitration Agreement;
- Lift the stay of proceedings currently in place;
- Vacate the Order compelling arbitration; and
- Schedule a trial pursuant to 9 U.S.C. § 4 on the question of whether a valid arbitration agreement was formed.

In the alternative, if the Court declines to vacate the Order compelling arbitration, Plaintiff respectfully requests that the Court enter findings of fact regarding what was actually presented to Plaintiff in the candidate portal and order Defendant to produce all records

related to the contents of the candidate portal as made available to Plaintiff on October 30, 2019.

Dated : 15th March 2026

Respectfully submitted

Venkateswara Rao Addepalli

1850 Heather Street

Bolingbrook IL 60490

Phone : 630-752-8233

Email : Rao_Add@yahoo.com

## INDEX OF EXHIBITS

**Exhibit A:** Employment Agreement Acceptance Screenshot of the Offer of Employment as Presented to Plaintiff on October 30, 2019

**Exhibit B:** Employment Agreement Acceptance URL of the Offer of Employment as Presented to Plaintiff on October 30, 2019

**Exhibit C:** Defendant personnel instructing the Plaintiff to access the Offer of Employment thru the Employment Agreement Acceptance URL only.

**Exhibit D (Defendant's Exhibit):** Offer Acceptance Form for Addepalli Rao (Dkt. No. 12-4) – showing acceptance only, without reflecting the contents of what was accepted

**Declaration:** Declaration of Venkateswara Rao Addepalli in Support of Motion for Reconsideration

# EXHIBIT A

Infosys - Offer Acceptar

https://jobs.infosys.com/tgwebhost/cpview.aspx?t=^AEo4j_plu

Rao Addepalli
1850 Heather Street
Bolingbrook, Illinois 60490
(630) 752-8233

Dear Rao,

We at Infosys believe our employees are our most valued asset and key to us achieving our goals. It is our continuing ambition to find and retain people who believe in our values and share our desire to build a great Company. Based on our recent discussions with you and our review of your profile, it is with great pleasure that we offer you the below position with Infosys Limited in Vernon Hills, IL.

Role: Lead Consultant - US

Role Designation: 2016BLCNUS : Lead Consultant

Your Personal Level will be 6.

With your acceptance of this offer, your employment start date is November 18, 2019. We request you to report in person for onboarding at TBD.

Your current role has been classified as exempt in accordance with Federal Fair Labor Standards Act (FLSA) and applicable federal and state wage and hour laws. The Exempt or Non Exempt Status of your Role is determined by state and federal regulations and is subject to change from time to time. Any changes in the exemption status will be communicated to you.

Your role has associated billable and productivity expectations. It is expected that you will make efforts to find suitable client- billable assignments based on your skills and to maximize your utilization.

Due to the nature of this role, your actual work location may vary over time. While we do our best to match your qualifications and preferences to our client engagements, your continued employment with Infosys is contingent upon willingness to travel and/or relocate.

Your fixed compensation will be USD 105689 per annum; skill allowance USD 69311 per annum and both will be paid in

## Offer Acceptance form - Addepalli, Rao

**Do you accept the offer?** I have read, understand and accept all the terms and conditions contained in this offer letter and attached annexures.

Close

# EXHIBIT B

Infosys Offer Notification - Addepalli, Rao

Inbox

Inbox

- BrassRing

To: · Wed, Oct 30, 2019 at 11:28 AM

Visit site

**Message Body**

October 30, 2019

Hello Rao Addepalli,

Congratulations on your recent offer with Infosys. Your offer letter has been posted to your Candidate Portal. Please use the below link to access it:Candidate Zone - Application Documents & Forms

You will be required to login using your existing credentials (the same credentials you used to create your profile when applying for the position).

Please confirm whether you are accepting the offer using dedicated response form at the bottom of your offer letter.

Infosys is an organization that has built an outstanding reputation for exciting, innovative and quality products and services. Credit for this goes to every one of our employees. We look forward to you accepting our offer and becoming part of the Infosys team.

This email is an automated notification and replies to this address are not monitored. If you have any questions, please email reetesh.263232@infosys.com.

Regards,
Infosys Talent Acquisition

Infosys®
Navigate your next

Infosys is an Equal opportunity Employer
EOE/Minority/Female/Veteran/Disabled/Sexual Orientation/Gender Identity/National Origin

# EXHIBIT C

Infosys Offer Notification

Inbox

Inbox

- REETESH SAXENA

To:  me · Wed, Oct 30, 2019 at 12:13 PM

**Message Body**

Hi Rao,

Your offer has been released Shared @ your Yahoo Account. Kindly Login through your credentials, go to candidate zone and accept the offer.

Once you accept, Kindly provide me a confirmation mail

Regards,

Reetesh Saxena

Talent Acquisition Team

VOIP – + 1 - **972-801-6190**

Email – reetesh.263232@infosys.com

# EXHIBIT D

Offer Response - 49628BR : Offer Acceptance form for Addepalli, Rao

Print

Help

eLink form | Edit | Delete form

**Do you accept the offer?** I have read, understand and accept all the terms and conditions contained in this offer letter and attached annexures.



**Date added** 30-Oct-2019 5:51:49 PM Rao_Add@yahoo.com

Close | View image PDF

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I filed the foregoing Motion for Reconsideration with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated : 15th March 2026

Respectfully submitted


Venkateswara Rao Addepalli

1850 Heather Street

Bolingbrook IL 60490

Phone : 630-752-8233

Email : Rao_Add@yahoo.com