BC

FILED
3/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CVK

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VENKATESWARA RAO ADDEPALLI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 1:24−cv−12933** |
| | ) | **Judge Andrea R. Wood** |
| **v.** | ) | |
| | ) | |
| **INFOSYS LTD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DECLARATION OF VENKATESWARA RAO ADDEPALLI**

**IN SUPPORT OF**

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DATED AUGUST 15, 2025 AND/OR ORDER DATED MARCH 11, 2026, BASED ON NEWLY DISCOVERED EVIDENCE AND PLAINTIFF'S SWORN DECLARATION**

I, Venkateswara Rao Addepalli, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

**Identity and Background**

1. I am the Plaintiff in the above-captioned action. I am over the age of 18. I am a United States citizen. I reside at 1850 Heather Street, Bolingbrook, Illinois 60490.
2. I was employed by Infosys Limited as a Lead Consultant from November 14, 2019, through June 30, 2023. My annual salary was $175,000.

**I Did Not Sign or Knowingly Agree to the Mutual Arbitration Agreement**

3. **I never signed the Mutual Arbitration Agreement ("MAA") attached as Exhibit C to Defendant's motion (Doc. #12-3) or as Attachment 2 to Doc. #40. I specifically, unequivocally, and categorically deny that I knowingly**

**entered into any agreement to waive my right to a jury trial or to submit employment disputes to binding arbitration with Infosys Limited.**

4. At no time during my employment with Infosys from November 14, 2019, through June 30, 2023, was I ever provided with a copy of the MAA. I was never asked to review, acknowledge, or sign the MAA after commencing employment. No Infosys representative ever explained to me that I had agreed to arbitrate employment disputes or that I had waived my right to a jury trial.
5. I did not have legal counsel at the time I responded to the offer of employment in October 2019. I was not advised by Infosys to consult an attorney before accepting the employment offer. I was not given meaningful time or guidance to understand the legal significance of the MAA.
6. I was never provided with a system-generated confirmation email from Infosys's Candidate Portal confirming my electronic acceptance of the offer or the MAA. The absence of such a confirmation is itself evidence that the acceptance process was not completed as Defendant claims.

**The Document Packet Was Not Validly Posted — Defendant's Own Records**

**Confirm This**

7. Defendant's own Exhibit A to the Polanowski Declaration (Doc. #19-1) shows the document packet status as "Unposted." I did not access a validly posted document packet containing the MAA on October 30, 2019. I could not have reviewed, read, or meaningfully accepted a document that Defendant's own records confirm was not posted.
8. The email I received on October 30, 2019 (Exhibit B to the Polanowski Declaration) did not reference the Mutual Arbitration Agreement by name. It was a generic offer notification directing me to a portal. I was not informed by that email that one of the attachments was an agreement waiving my right to a jury trial.

**The MAA Was Concealed From Me and From Administrative Agencies**

9. During the entire period of my employment with Infosys, I was never informed that I was subject to a mandatory arbitration agreement. The MAA was never referenced in any communication I received from Infosys during my employment.
10. When I filed charges with the U.S. Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR), Infosys never disclosed the existence of the MAA in those proceedings. Infosys did not invoke the MAA as a defense in either administrative forum. I only became aware of the existence of the MAA when Infosys filed its Motion to Compel Arbitration in this federal action, years after my employment ended.

**The MAA Bears No Plaintiff Signature**

11. The copy of the MAA produced by Defendant (Doc. #40, pp. 18–24) bears the signature of Richard Lobo, EVP and Head of Human Resources for Infosys Limited. I did not sign the MAA. There is no signature line for me on the face of the MAA. There is no signature by me on the MAA.

**Governing Law Discrepancy**

12. The MAA states in Section XIII that it “shall be governed by the law of the State of Texas.” I am an Illinois resident. I worked for Infosys from my home in Illinois. Defendant argued to this Court that Illinois law governs the contract formation question, which is inconsistent with the express terms of the MAA Defendant itself produced.

**Purpose of This Declaration**

13. I submit this Declaration to provide this Court with the sworn denial of arbitration consent that the Court’s August 15, 2025 Stay Order indicated was necessary to create a genuine issue of material fact. *See* Stay Order at 3 (citing *Bradley v. Meijer Stores LP*, No. 23 CV 1269, 2023 WL 3042984 (N.D. Ill. Apr. 21, 2023)) (“a party’s sworn statement that he did not sign an arbitration agreement — if spelled out in sufficient detail — is sufficient to create a genuine issue of fact necessitating a trial”). This Declaration provides exactly such a sworn, detailed denial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of March, 2026.


**Venkateswara Rao Addepalli**

1850 Heather Street

Bolingbrook, IL 60490

Phone: 630-752-8233

Email: Rao_Add@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I filed the foregoing Declaration of Venkateswara Rao Addepalli with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated : 15th March 2026

Respectfully submitted




Venkateswara Rao Addepalli

1850 Heather Street

Bolingbrook IL 60490

Phone : 630-752-8233

Email : Rao_Add@yahoo.com