**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VENKATESWARA RAO ADDEPALLI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 1:24-cv-12933** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INFOSYS LIMITED,** | ) | **Judge Andrea R. Wood** |
| | ) | |
| **Defendant.** | ) | |

**Defendant's Response To Plaintiff's Motion For Reconsideration of Order Dated August 15, 2025 And/Or Order Dated March 11, 2026 Based on Newly Discovered Evidence and Plaintiff's Sworn Declaration**

This is the third occasion on which the parties have engaged in extensive briefing related to Defendant's Motion to Compel Arbitration and Dismiss or Stay the Action [Dkt. 12]. Plaintiff, clearly wishing to avoid his contractual obligations, continues to disregard this Court's clear rulings and file frivolous motions; this time, he seeks reconsideration based on allegedly "new" evidence. But the "new" evidence on which his motion is based was within his possession when Defendant's initial motion was filed over a year ago in February of 2025, and cannot form the basis of a motion for reconsideration now.

Plaintiff's motion fails on the merits, too. Regarding the initial ruling, this Court correctly acknowledged that "[t]he express language of the arbitration agreement leaves no doubt that this action falls within its scope." [Dkt. 39]. Given the clear language, and Plaintiff's failure to provide *any* evidence disputing the existence of the Mutual Arbitration Agreement (the "Agreement"), the Court ruled that arbitration was proper and stayed the case pending that arbitration. *Id.* Plaintiff disliked the Court's ruling, and quickly followed what he titled a "Motion to Lift Stay and Declare Arbitration Agreement Unenforceable." [Dkt. 40]. After additional briefing, the Court agreed with Defendant that Plaintiff's motion was actually a motion for reconsideration, and that Plaintiff

had not raised any new evidence or information that was unavailable at the time of the initial motion briefing. [Dkt. 50].

Only four days later, Plaintiff filed the instant motion: yet another motion for reconsideration of the Court's ruling. Seeming to interpret the Court's March 11, 2026 as an indictment on his lack of evidence (which was not the basis of the Court's ruling), he now includes a declaration and a number of "new" exhibits. None of the information contained in Plaintiff's briefing or declaration is "newly discovered" or information that was unavailable *either* time that the Parties previously briefed these same issues. The Court has ruled on this issue multiple times. Each of Plaintiff's arguments have failed and continue to fail, and this matter should immediately proceed to arbitration.

## ARGUMENT

### I. Plaintiff Cannot Meet the High Burden for a Motion for Reconsideration.

Motions for reconsideration like Plaintiff's motion here should rarely be granted. They are "not at the disposal of parties who want to 'rehash' old arguments, and such motions are not the appropriate vehicles for tendering new legal theories for the first time." *SEC v. SBB Rsch. Grp., LLC*, 2025 U.S. Dist. LEXIS 66805, at *2-3 (N.D. Ill. Apr. 8, 2025) (quotations and citations omitted). A motion to reconsider should "only be presented" when there has been a "significant change in law or facts after the issue is presented to the Court, or the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to it, or has made an error not of reasoning but of apprehension." *Id.* (denying motion to reconsider order on *Daubert* motion) (quotations and citations omitted).

Plaintiff identifies absolutely no changes in fact or law and identifies no fundamental misunderstanding by the Court that would justify granting his motion. Instead, he provides "newly discovered" evidence consisting of his own sworn statement and screenshots he allegedly took

"contemporaneously" with his acceptance of his employment offer. None of this evidence can fairly be considered newly discovered evidence.

## II. <u>Plaintiff's Evidence Is Not "Newly Discovered" Nor Are His Representations Of The Documents Complete And Accurate.</u>

Plaintiff's argument relies largely on his sworn declaration alleging that he never agreed to an arbitration agreement. Plaintiff's declaration inherently cannot be "newly discovered evidence" given that his own personal knowledge has always been available. *Shannon v. Sheahan*, 2003 WL 22937924, fn 3 (N.D. Ill. Dec. 11, 2003) ("A new declaration by a party, however, logically cannot qualify as 'newly discovered evidence,' and this court will not consider this declaration.") (internal citation omitted).

Similarly, Plaintiff's own briefing states that the screenshots and other documents he provides were taken "contemporaneously" with him signing his initial employment offer. [Dkt. 51, p.2]. If Plaintiff truly took these screenshots contemporaneously with his acceptance, there is no doubt that the documents were available to him at the time that he filed his initial opposition to the Motion to Compel Arbitration [Dkts. 15 and 28] *and* at the time he filed his initial motion for reconsideration. [Dkt. 40].

Further, Plaintiff's descriptions of his exhibits are clearly inaccurate, regardless of whether they were somehow "newly" discovered within the last few months. Plaintiff's Exhibit A [Dkt. 51, p. 15] shows a portion of his initial offer. What that Exhibit does not show is the entirety of the document. While Plaintiff may have scrolled the website screen to the bottom, he had clearly not scrolled to the bottom of the internal document within the web page at the time he took the screenshot. In fact, the screenshot he provides cuts off the middle of a sentence. If Plaintiff truly believed that a partial screenshot of the top of a document was all that was available to him at the

time he signed his offer letter he (and any reasonable person) could easily have asked for clarification as to what the rest of the document (or at least the end of the sentence) said.

Infosys has a longstanding practice of requiring every applicant to agree to an Arbitration Agreement as a condition of employment. Exhibit 1, Declaration of Joanne Polanowski ("Decl."), ¶ 6. The full offer letter as it appeared in the portal, and which clearly includes reference to the Mutual Arbitration Agreement, is available as an exhibit to Defendant's initial motion. *See* Dkt. 12-2. Plaintiff's allegation that this screenshot contradicts Defendant's prior submission of the offer letter is unavailing. Infosys' electronic Candidate Portal provides the mechanism by which Plaintiff reviewed, completed, and signed his offer letter and related documents. Decl., ¶¶ 6-7. When Plaintiff accessed the Candidate Portal to view his Offer Letter, he first saw the Document Packet Information page that included his offer letter and enclosures (including the Arbitration Agreement). Decl., ¶ 7. These documents were loaded into a window that had its own scrollbar, separate and apart from any scrollbar available on Plaintiff's browser. *Id.* Plaintiff's screenshot shows his browser scrollbar was all the way at the bottom, but he had not scrolled to the bottom of the window that contained the Offer Letter and its attachments. Decl., ¶ 8.

It's clear that Plaintiff had access to the full document packet, including the Arbitration Agreement. And, even if Plaintiff did not understand that there was a separate scrollbar available to review the document, it was apparent on the face of his document that there was more to what he was signing given that his screenshot cuts off in the middle of the sentence. Plaintiff's argument that this "new" screenshot supports that he did not sign the Arbitration Agreement fails.

## III. <u>Plaintiff's Lack Of Representation Does Not Provide An Avenue To Rehash Previous Arguments.</u>

Plaintiff alleges that his failure to previously disclose this alleged "newly discovered evidence" is due to his lack of representation. Dkt. 51, pp. 8-9. However, while *pro se* pleadings

may be construed liberally, "rules apply to uncounseled litigants and must be enforced." *Members v. Paige*, 140 F. 3d 699, 702 (7th Cir. 1998); *see also Kline v. United Airlines, Inc.*, 2024 WL 3594643 at *2 (N.D. Ill. July 31, 2024).

Regardless, Plaintiff attempts to correct what he believes are the only alleged deficiencies that led to the Court's August 15, 2025 Order granting the motion to compel arbitration. [Dkt. 39]. Even assuming that Plaintiff was to be granted leniency based on his *pro se* status (which is not the case) Plaintiff raised none of the current allegedly new evidence in his August 18, 2025 motion. [Dkt. 40]. At a minimum, Plaintiff should have raised any additional information in the initial motion for reconsideration. His failure to do so is fatal.

## IV. <u>The Court Should Consider Instituting Filing Restrictions On Further Motions For Reconsideration.</u>

Courts have inherent authority and statutory power to restrict frivolous or vexatious filings. 28 U.S.C. A. §1651(a) (the Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.") "[C]ourts have ample authority to curb frivolous litigation through filing restrictions, and do not abuse their discretion so long as the restrictions imposed are narrowly tailored and do not bar the courthouse door entirely." *Pullen-Walker v. Executive Committee of Dist. Court for Norther Dist. Of Illinois*, 482 Fed. App'x 185, 186-87 (7th Cir. 2012) (internal citations omitted).

Though Plaintiff must be given notice and an opportunity to respond, a limited restriction on motions for reconsideration of the decision to compel arbitration without permission from the Court would be narrowly tailored and save judicial and party resources. Without further order, it appears that Plaintiff will simply continue to file "new" motions rehashing the same arguments and evidence continually rather than filing his arbitration action as this Court has now ordered twice.

## CONCLUSION

This is now Plaintiff's third attempt to avoid arbitration, and the third time that Defendant has been required to engage in extended briefing addressing arguments and evidence that have always been available to Plaintiff and that should have been raised in connection with the initial Motion to Compel Arbitration. Despite this, he continues to raise improper, and oftentimes simply incorrect, arguments that the Agreement is unenforceable or that Defendant's records are simply incorrect. In combination with its briefing on the original Motion to Compel Arbitration, and its briefing on the Motion to Lift the Stay and Declare Arbitration Agreement Unenforceable, Defendant requests that this Court deny Plaintiff's Motion for Reconsideration, renew its Orders compelling Plaintiff to arbitrate his Claims, and maintain the stay in the civil action. Defendant also requests that the Court consider a limited restriction on Plaintiff filing additional motions for reconsideration of the decision to compel arbitration without prior permission from this Court.

Dated: April 13, 2026

Respectfully submitted,

*/s/ Samantha M. Rollins Murphy*
Samantha M. Rollins Murphy
(*admitted pro hac vice*)
samantha.rollinsmurphy@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone : (612) 766-7000
Facsimile : (612) 766-1600

Taylor L. Haran
taylor.haran@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
320 S. Canal St., Ste. 3300
Chicago, IL 60606
Telephone : (312) 569-1000
Facsimile : (312) 560-3000

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, I electronically filed the foregoing herein with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the registered CM/ECF participants.

*/s/ Samantha M. Rollins Murphy*