MR

FILED
9/10/2026
JM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

No. ______________

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**In re: VENKATESWARA RAO ADDEPALLI,**

Petitioner,

v.

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION,**

Respondent,

**INFOSYS LTD,**

Real Party in Interest.

On Petition for a Writ of Mandamus to the United States District Court for the Northern District of Illinois, Eastern Division, No. 1:24-cv-12933

# APPENDIX TO PETITION FOR WRIT OF MANDAMUS

(Transcripts of Court Hearings)

Venkateswara Rao Addepalli
Petitioner, Pro Se
1850 Heather Street
Bolingbrook, Illinois 60490
Telephone: (630) 752-8233
Email: Rao_Add@yahoo.com

Dated: September 3, 2026

# INDEX TO APPENDIX


| Tab | Document | App. Page |
|---|---|---|
| A | **Transcript of Telephonic Status Hearing**<br>*Held February 26, 2025 — Before the Hon. Andrea R. Wood*<br>*Case No. 24 C 12933 (N.D. Ill.)* | ACT. 0001 |
| B | **Transcript of Telephonic Status Hearing**<br>*Held May 7, 2025 — Before the Hon. Andrea R. Wood*<br>*Case No. 24 C 12933 (N.D. Ill.)* | ACT. 0016 |
| C | **Transcript of Telephonic Status Hearing**<br>*Held October 30, 2025 — Before the Hon. Andrea R. Wood*<br>*Case No. 24 C 12933 (N.D. Ill.)* | ACT. 0028 |
| D | **Transcript of Telephonic Status Hearing**<br>*Held May 12, 2026 — Before the Hon. Andrea R. Wood*<br>*Case No. 24 C 12933 (N.D. Ill.)* | ACT. 0034 |

# TAB A

**Transcript of Telephonic Status Hearing**

Held February 26, 2025 — Before the Hon. Andrea R. Wood

Addepalli v. Infosys Limited, Case No. 24 C 12933 (N.D. Ill.)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENKATESWARA RAO ADDEPALLI, | ) Case No. 24 CV 12933 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INFOSYS LIMITED, | ) Chicago, Illinois |
| | ) February 26, 2025 |
| Defendant. | ) 9:42 a.m. |

TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING

BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiff: MR. VENKATESWARA RAO ADDEPALLI, Pro Se
1850 Heather Street
Bolingbrook, Illinois 60490

For the Defendant: FAEGRE DRINKER BIDDLE & REATH LLP
BY: MS. SAMANTHA ROLLINS MURPHY
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402

FAEGRE DRINKER BIDDLE & REATH LLP
BY: MS. TEJAL GARG
320 South Canal Street, Suite 3300
Chicago, Illinois 60606

Court Reporter: Brenda S. Varney, CSR, RMR, CRR
Official Court Reporter
219 South Dearborn Street, Suite 2144D
Chicago, Illinois 60604
(312) 554-8931
*brenda_varney@ilnd.uscourts.gov*

* * * * * * * * * * * * * * * * * * *

PROCEEDINGS RECORDED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard via telephone:)

THE CLERK: Calling the next case, 24 CV 12933, Addepalli versus Infosys Ltd, for a status.

MS. GARG: Good morning, Your Honor.

MR. ADDEPALLI: Good morning, Judge.

THE COURT: Can you go ahead and state your name for the record, please?

MR. ADDEPALLI: Yeah. For Plaintiff, Venkateswara Rao Addepalli. You can just call me Rao Addepalli. That should be good. Thank you.

MS. GARG: Good morning. This is Tejal Garg on behalf of Infosys. And we also have Samantha Rollins Murphy on behalf of Infosys who will be taking lead on this case.

THE COURT: Thank you.

Okay. So I've already had some filings related to the motion to dismiss or to compel arbitration or rather, I should say, compel arbitration and dismiss or stay the action. And it's pretty much fully briefed, but I did notice that in the reply that was filed just a couple of days ago, the defendant does provide some additional information about the circumstances under which it claims that the plaintiff agreed to arbitration, including some documents attached to a declaration that I think are intended to show the plaintiff electronically, digitally agreeing to an arbitration agreement.

Let me check with defense counsel.

Am I understanding that correctly, that the attachments to that declaration are intended to support your position that the plaintiff actually did agree to arbitration?

MS. ROLLINS MURPHY: I think I'll add a little bit of nuance, Your Honor. This is Ms. Rollins Murphy.

I think that the reply brief was intended to address the argument that Mr. Addepalli did not receive the arbitration agreement. I think our opening brief provided our evidence that he electronically accepted it.

He, I think, argued in opposition that he hadn't received it, and our reply brief was addressing that specific allegation that he had not received notice of it. So that's what the reply brief evidence was intended to address.

THE COURT: I see.

So, Mr. Addepalli, having reviewed what the defendant has now submitted, is it still your position that you did not agree to arbitrate this subject matter?

MR. ADDEPALLI: Yes, yes.

If I have permission to elaborate a little bit on this, see, number one, the defendant claims that it was served to me five days before I agreed or signed the form, the arbitration agreement, but they were never able to produce any evidence that it was served to me.

If it was served, they should have sent to me by email or mail, and I received none of those so that is not a true

statement, what the defendant made.

And also, like, they said I agreed to it online. Okay? So that is the second thing. And I do not think arbitration agreement is part of what I agreed to online because all that they produced is one sheet where it says I agreed to everything in the attachments, and it doesn't anywhere say that the arbitration agreement is part of the attachments.

And, usually, the industry practice is that when you sign on something, usually, they email you a copy of it. I never received anything like that. Okay?

And the other thing is that, see, we went through -- I tried to talk to people in their HR Department.

And, again, remember, Infosys is a multi-billion-dollar IT technology company, and they're saying that they can't produce any electronic proof other than an affidavit to say that it was served on me five days before I signed it and I signed it. They have no proof other than just a screen shot which does not have any reference to any arbitration agreement and also that they did not send me a copy of the signed -- they cannot provide proof of sending me a copy of the signed arbitration agreement.

And it's a multi-billion-dollar company and it helps Fortune 100 companies implement IT technology solutions, and they say they cannot provide any proof. That is a very

unsubstantiated claim.

And the other thing is that, like, I tried to negotiate with them previously, with her personally. And I also filed the same complaint with the EEOC and the Illinois Human Resources Department, and none of those ever talked about any arbitration agreement.

They participated in all the conference calls with the EEOC, with the Illinois Department of Human Resources -- sorry -- Human Rights, but they never talked about any arbitration agreement. The arbitration agreement somehow suddenly comes out of nowhere only after I filed the case. Okay? That's one thing.

And the second part I want to argue is that most of the reasons for the motion for discovery are that it involve -- we want to explore the possibility of bringing criminal liability in terms of misuse of identity, identity theft, tax fraud, and immigration fraud which are anyway beyond the purview of any arbitration agreement.

That's all I want to say, my Lord.

THE COURT: Okay. So the discovery that you want is not discovery to see if there is an arbitration agreement. You want discovery because you think that there's some criminal activity and that you could find that out through your discovery? Is that the gist of it?

MR. ADDEPALLI: That's right.

THE COURT: Okay. So, at this point, before I can decide anything else, I do have to decide the issue of arbitrability, and it wouldn't be appropriate for me to order discovery to go forward for purposes of a civil plaintiff investigating criminal activities.

As a civil plaintiff, you actually don't have the ability to bring a criminal case. So if that is something that you're concerned about, the appropriate thing to do is to file a complaint with law enforcement or let law enforcement know what your concerns are, and then they investigate it. But a private individual doesn't have the ability to bring a criminal complaint, and therefore, it wouldn't be appropriate for me to authorize discovery for purposes of a criminal investigation.

That aside, I do need to decide the arbitration issue.

When I saw the additional screen shots and the declaration that was filed explaining what those screen shots show according to the defendant, my first thought, Mr. Addepalli, would be that I would offer you the opportunity to make a filing so that if you wanted to, you could address the declaration.

You could also sign your own declaration so that you would have a sworn statement explaining your side of things and submit that as a surreply if you wanted to do that because they submitted evidence as part of their reply brief that you didn't have a chance to respond to.

You've explained your position to me orally here today which is fine, but I will still give you the opportunity to file a surreply to put your response in writing and to possibly submit a declaration of your own if you want to do that. If you'd rather just stand on the argument that you've made today, we can do that, too.

Do you have a preference?

MR. ADDEPALLI: Whatever you suggest, Your Honor.

THE COURT: Do you feel that what you've said here orally, is that the entirety of how you would like to respond to the new material that the defendants attached to the reply brief?

MR. ADDEPALLI: I would file a reply to that.

THE COURT: Okay. And I can't give you a lot of time to do it, but the idea is you would focus on just the new information that they've put into their reply brief.

Do you understand?

MR. ADDEPALLI: Sure. That's fine.

THE COURT: Okay. How soon would you be able to make that filing?

MR. ADDEPALLI: Can I get 21 days?

THE COURT: Sure. That is March 19th. Since you're representing yourself, I think that is reasonable.

And that will be the end of the briefing. As I said, I am allowing it only because there was additional evidence

submitted in support of the reply. I think, in fairness, Mr. Addepalli should have an opportunity to try to rebut that. And again, that would include, if you want to, signing your own declaration to submit as evidence. Otherwise, you can just make argument.

I think the argument that you've made focuses on the fact that you don't recall receiving any confirmation of any sort of agreement, it's industry practice in your experience that you would have gotten an email to let you know what you've agreed to, and you didn't get that. And I think you are suggesting that their version of events doesn't make sense.

MR. ADDEPALLI: That's right, Your Honor.

THE COURT: Okay. So put that in writing. If you have your own evidence, including your own testimony that you'd like to put into a sworn declaration, you may do that. And then I believe I will have everything I need in order to make a decision.

MR. ADDEPALLI: Sure.

The only correction I want to suggest to what I said earlier is the discovery is not just to bring criminal liability but also fully explore the intentions as to -- could be additional -- an opportunity to amend my civil complaint as well.

THE COURT: Yes, I understand, but if the defendant is correct and this case has to go to arbitration, then any sort

of investigation would have to take place under the procedures of the arbitration, and so I'm going to stay discovery.

I'm not going to grant discovery because the threshold issue that I have to decide is whether the case belongs in federal court or in front of an arbitrator.

Once I have made that decision, if the case is going forward here, then we'll set a discovery schedule and work through that way, but first, I need to deal with this threshold issue. That will be fully briefed March 19th, so I'm going to ask my courtroom deputy to set a telephonic status date at the end of April or first of May, hopefully a post ruling status.

Laritza, if you can suggest a date and time.

THE CLERK: Yes, Judge. We can do May 7th at 9:15.

THE COURT: That will be for a telephone status.

Mr. Addepalli, will you be able to call in then?

MR. ADDEPALLI: Yeah. No problem.

THE COURT: For defense counsel, Ms. Rollins, would you be able to call in at that time?

MS. ROLLINS MURPHY: Yes, that works, Your Honor.

THE COURT: Is there anything else that the defendant wanted to add?

MS. ROLLINS MURPHY: No, Your Honor. Thank you.

THE COURT: Mr. Addepalli, do you have anything else that you'd like to discuss or any questions?

MR. ADDEPALLI: Nothing at this time. The only thing

is I don't -- I'm not a legal professional so when you say "arbitration," is the Court going to appoint an arbitrator if we ever get there?

THE COURT: So I don't know off the top of my head what your arbitration agreement would call for.

If there is an arbitration agreement, it usually provides for certain procedures to be followed, and it usually means that a claim of arbitration needs to be filed. Usually, there's a process for selecting the arbitrator.

It is not part of the court proceeding so what would happen is the case would be stayed, not dismissed. The Seventh Circuit has recently issued an opinion on that. The case would be stayed while the parties pursue their arbitration outside of the court process. And then if there were anything else to decide, the case could come back here, but if not, the case would ultimately be closed at the completion of the arbitration.

MR. ADDEPALLI: Okay. Got it, Your Honor. Because, see, that's what I already said, that the only thing is, see, they provide -- everything, all the evidence they presented till now, the defendant, it's all from their systems, nothing that was ever delivered to me as an email or as a mail or certified mail or anything like that. So that's what I need to put, I think, in my declaration.

THE COURT: The other thing that could potentially

happen is if the parties decided that you'd like to have a settlement conference, if you are willing and interested in doing that with one of our magistrate judges instead of having to go through arbitration or, you know, litigation, that's something that you could do here. But, again, I suspect the defendant may want an answer on the arbitration agreement issue before making a decision on a settlement conference.

Is that fair to say, Ms. Rollins?

MS. ROLLINS MURPHY: I think that's right, Your Honor. I can certainly raise the issue with my client, but I would say that absent any further communication from us, we'd prefer a ruling unless you'd like me to check and affirmatively report back, but I don't think that that's necessary.

THE COURT: So I'll encourage you to have that discussion and to reach out to the plaintiff if it's a possibility.

Obviously, one benefit is it may be less expensive in the long run, it may be faster. Since you're already here, you may be able to get in front of a magistrate judge and have a more streamlined settlement process if that's something that the parties are open to. But it's not a requirement, not mandatory. Especially if there's no -- if there is an arbitration agreement, then certainly I wouldn't try to force the parties to go through a settlement process here before going to arbitration.

MS. ROLLINS MURPHY: Understood, Your Honor.

If there is an appetite for a settlement conference and Plaintiff agrees to participate in that, should we file a joint request to, I guess, stay ruling on the motion for arbitration and to set a settlement conference? Is that how you'd like us to proceed?

THE COURT: Yes.

MS. ROLLINS MURPHY: Okay.

THE COURT: Absolutely. And you can also send an email to my courtroom deputy to let her know that such a motion is forthcoming. And that way, if it happens when I'm already reviewing the papers or if timing is an issue, I'll know what's going on.

MS. ROLLINS MURPHY: Okay. Thank you.

MR. ADDEPALLI: Your Honor, I several times proposed a settlement conference, but I don't know what the defendant wanted.

They were more intent on wearing me down legally, so they let me go through EEOC, they let me go through Illinois Department of Human Rights. I was never told there was any arbitration agreement at that point of time.

But I'm all open to any kind of settlement conference because I have to work full time to put bread on the table for my family, and I have a mom -- my mom is 80 years, and I'm the primary caregiver for her. She has Parkinson's, so she needs

continual care. So the faster I can settle this is the best for me.

A VOICE: I'm sorry. Excuse me. Hello. My name is Willis Baird. Is Judge Wood there?

THE COURT: Yes. Mr. Baird, it's not quite time for your case yet. We're a little bit behind schedule. There's one more case ahead of yours after this one, but thank you for letting me know that you're there.

A VOICE: Okay. What do I do now?

THE COURT: Just stay on the line. If you could place your phone on mute until it's your turn.

A VOICE: Thank you, ma'am.

THE COURT: Okay.

MR. ADDEPALLI: So, Your Honor, a settlement conference, if we can make that happen, thank you.

THE COURT: Sure.

So maybe what I will do, Ms. Rollins, I am going to ask you to reach out to your client and see if they have any interest in having a settlement conference now. If so, reach out to Mr. Addepalli.

I'm going to ask you to notify my courtroom deputy within 14 days which would be March 12th. And you can do it informally by email with, of course, all the parties copied just to notify her whether the parties would like a referral to the magistrate judge for a settlement conference.

And I'm picking the 12th because that's a week before Mr. Addepalli's reply would be due so that he doesn't have to go through all of that work if it turns out that our -- or surreply, I should say. You won't have to go through all that work if it turns out the parties want to have a settlement conference first.

MS. ROLLINS MURPHY: Of course. We're happy to do that, Your Honor.

MR. ADDEPALLI: Appreciate that.

THE COURT: Good. Okay. Thank you both for answering my questions. We have a schedule in place. That will all be reflected in the order from today. Thank you for your time.

MR. ADDEPALLI: Thank you very much.

MS. ROLLINS MURPHY: Thank you, Judge.

(Concluded at 10:01 a.m.)

* * * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ Brenda S. Varney* 3/3/2025
Official Court Reporter

# TAB B

**Transcript of Telephonic Status Hearing**

Held May 7, 2025 — Before the Hon. Andrea R. Wood

Addepalli v. Infosys Limited, Case No. 24 C 12933 (N.D. Ill.)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENKATESWARA RAO ADDEPALLI, | ) Case No. 24 C 12933 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INFOSYS LIMITED, | ) Chicago, Illinois |
| | ) May 7, 2025 |
| Defendant. | ) 9:16 a.m. |

TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiff: MR. VENKATESWARA RAO ADDEPALLI, Pro Se
1850 Heather Street
Bolingbrook, Illinois 60490

For the Defendant: FAEGRE DRINKER BIDDLE & REATH LLP
BY: MS. SAMANTHA ROLLINS MURPHY
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402

Court Reporter: BRENDA S. VARNEY, CSR, RMR, CRR
Official Court Reporter
219 South Dearborn Street, Suite 2144D
Chicago, Illinois 60604
(312) 554-8931
*brenda_varney@ilnd.uscourts.gov*

* * * * * * * * * * * * * * * * * * *

PROCEEDINGS RECORDED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard via telephone:)

THE COURT: This is Judge Wood returning to the line. I believe we are ready to call the next case, so the courtroom deputy will do that, and then we'll get appearances starting with the plaintiff.

Laritza.

THE CLERK: Calling case 24 CV 12933, Addepalli versus Infosys, for status.

THE COURT: Do we have the plaintiff on the line?

MR. ADDEPALLI: Yes. This is Addepalli, yeah.

THE COURT: Thank you, Mr. Addepalli.

And do we have defense counsel?

MS. ROLLINS MURPHY: Yes, Your Honor. This is Samantha Rollins Murphy for the defendant.

THE COURT: Okay. Thank you.

So the parties did not have any luck with settlement, and I had allowed, I guess, an additional filing that could be made, a surreply, by the plaintiff which I think is the document at Docket Number 28. And then there were some additional motions filed by the plaintiff in the second half of April.

I just want to make sure I understand, Mr. Addepalli, what you are asking for with those motions, and then I can figure out the best way forward.

So you filed something that you have called a motion

to -- just a moment -- let me pull up my notes -- a motion to void the mutual arbitration agreement as an alternative ruling. And so what is that? What are you asking for with that motion?

MR. ADDEPALLI: I filed my response when it comes to, like, the disclosure and the consent to the mutual arbitration agreement, but in case the Court does not rule in my favor, I want the Court to consider the alternate ruling which is, okay, if I consider it, why it should be -- why the mutual arbitration agreement should not be voided.

THE COURT: So you're saying that if I find that there is a valid arbitration agreement here and the parties should go to arbitration, then you would want me to void the arbitration agreement?

MR. ADDEPALLI: That's right.

THE COURT: And then what is the request for interim damages?

MR. ADDEPALLI: Like, see, I did request the interim damages because the plaintiff is entitled to interim damages for a breach of contract and the concealment if you're going to award -- if you're going to void the mutual arbitration agreement.

THE COURT: And why didn't you make the argument for voiding the arbitration agreement in response to the motion to compel arbitration?

MR. ADDEPALLI: Honestly, Your Honor, I'm pro se. I'm

not a professional. Each of these motions takes me days and weeks of digging through the legal trouble or the legal parlay or the legal knowledge, so I apologize for that, but that is where I stand today. That's what I want the Court to consider.

THE COURT: Okay. And then, for defense counsel here, Ms. Rollins, you filed a response to these motions, I think, basically saying that you just oppose any relief and that it's premature. What was your take on the motion that led you to file the response?

MS. ROLLINS MURPHY: Yeah. I think, Your Honor, we -- I think we read the motions, I think, as Mr. Addepalli has just characterized them, to only pose a question to the Court in the event that the Court does not rule in his favor on the motion to compel arbitration that is now currently briefed.

And so I think we just wanted to kind of get on record saying we oppose the relief requested, but we think it's premature to offer substantive briefing on this issue, any of these issues, because it sounds like the plaintiff is waiting for a ruling on the motion to compel arbitration in the first instance.

And then I think once that ruling is issued, what it looks like will inform whether a response is required to those motions and what that response might look like. For example, if the motion to compel is granted in full, I could envision a scenario in which the other pending motions are mooted because

the Court has deprived itself of jurisdiction over the matter and compelled it to arbitration. So that's one possible outcome.

Another possible outcome might be that some portion of the case is staying before you and you are interested in a substantive response on some of these arguments. But I think we just wanted to get on record opposing the relief requested and noting it seemed early to go through a briefing exercise on the points raised.

THE COURT: Maybe I'm missing something here.

The motion to void the mutual arbitration agreement appears be to an argument that there is no valid arbitration agreement or if it is that it shouldn't be enforced. So this strikes me as a further surreply, that the distinction between this motion and the motion to compel that was filed appears to be illusory. Aren't they all dealing with whether there's a valid and enforceable arbitration agreement?

MR. ADDEPALLI: I agree, Your Honor. That's what I wanted to present. And, again, I also want to say that the defense has had more than 21 days time until this hearing to file any opposition to any of these motions, so they chose not to.

THE COURT: Mr. Addepalli, the other problem here is that to the extent you're really just opposing the motion that was filed, these were not authorized filings. In other words,

these are basically sur-surreplies and a sur-sur-surreply that were filed without the authorization of the Court. I still don't understand why you didn't make these arguments in the surreply that I already granted you leave to file and that you filed on April 12th.

MR. ADDEPALLI: Much like, see, when you file, my understanding under the law is that when you file a relief from the Court, you can always file for the Court to consider alternate liabilities. I think that that's allowed under the law, and that is what -- you should consider probably all the three motions together as my response rather than treat them --

THE COURT: Well, what the rule is is that when a date is set, then there should be one surreply. So, that said, the other two motions were filed at the same time. They were filed separately.

MR. ADDEPALLI: That's fine.

THE COURT: Let me take a step back.

Ms. Rollins, to the extent I am going to consider what was included in the motions at Dockets 29 and 30 which are the requests to void the arbitration agreement and for interim damages, do you want the opportunity to reply?

Because I think that it is incorrect to suggest that these are alternative relief or that it makes sense to take them up after I find that there is an enforceable arbitration agreement.

Either there is an enforceable arbitration agreement that governs here or there is not, and the things that Mr. Addepalli is seeking to raise in these separate motions are arguments directed toward whether I should enforce the arbitration agreement.

So if you want an opportunity to respond substantively to what he's saying in those filings on April 12th, this would be the time to ask for it.

MS. ROLLINS MURPHY: Then yes, Your Honor, if the Court is going to consider the arguments that he made in those motions, we would request the opportunity to respond substantively.

I think we would argue that the arguments are not properly raised using this extra motion as a vehicle to do that instead of in opposition to the motion to compel arbitration; but, obviously, if the Court is inclined to consider the arguments, then yes, we would like an opportunity to respond.

THE COURT: Okay. And would you be able to do that within 14 days which would be by May 21st?

MS. ROLLINS MURPHY: Yes, Your Honor, we can do that.

THE COURT: Okay. So that will be effectively a sur-surreply because I'm going to treat 29 and 30 as portions of the surreply that was authorized previously.

Now, with respect to Docket Number 32 which is this motion for -- I'm not even sure what you're asking for here.

Mr. Addepalli, what are you asking for in your motion in support of urgency for alternative rulings here?

MR. ADDEPALLI: Yeah. Because when they filed their response to these motions, they wanted whatever you're granting them right now, an opportunity for a future hearing. But what I was saying is that they had more than 21 days' time from the time I filed my motions to respond, and they're just trying to delay the process of the case, you know.

And, again, in my motions, I very clearly quoted case laws which say that I'm allowed to file as part of my response alternative rulings. And I elaborated very clearly with a lot of -- you know, substantiated that as I stated earlier. And as you also agreed --

THE COURT: So, Mr. Addepalli, Mr. Addepalli --

MR. ADDEPALLI: But what I'm saying -- go ahead, please.

THE COURT: I've read your filing. Thank you for explaining it further.

When you make a filing after a motion is filed -- so a motion is filed, you get to respond to it, and then the other side gets a reply. Typically, that's it. You don't get to add new arguments.

I did grant you leave for a surreply which is supposed to respond to what the defendant said in their motion. It was not leave to make new arguments.

You want to make new arguments. That's what you did with your two motions, so I'm going to give them a chance to respond because you have made new arguments.

I could just strike your motions and say, "No, these are actually new arguments that are not just responsive to the other side," but I think the better way to approach it is to have full briefing. So I am not going to restrict their ability to respond to what you've filed.

I am going to deny your request at Docket Number 32 to the extent that you are asking me to deny them the opportunity to respond to your new filings.

The filing in 14 days from the defendant will close the briefing on the motion to compel which means neither side will be permitted to file anything unless they have leave of Court in advance which means you have to file a motion asking for leave to file any further document in support of or opposition to the motion to compel because I have to have that briefing closed so that I can move on and give you a ruling. Okay?

And that's how things are going to move forward more quickly, not filing additional motions.

So they will have 14 days, until May 21st -- I'm sorry -- yes, May 21st. That will close the briefing. And then I will issue a ruling, and either the case will go to arbitration or it will stay here.

Any questions about that, Mr. Addepalli?

MR. ADDEPALLI: No, Your Honor.

THE COURT: Anything from the defense, Ms. Rollins, before I set a next status date?

MS. ROLLINS MURPHY: No, thank you, Your Honor.

THE COURT: Okay. So everything will be fully briefed May 21st.

Laritza, if you could give us a status date at the end of July.

THE CLERK: Yes, Judge. We can do July 31st at -- I'm sorry -- July 30th at 9:00 a.m.

THE COURT: Are you able to call in then, Mr. Addepalli?

MR. ADDEPALLI: Yeah, I'm fine with that, Your Honor.

THE COURT: And for the defense, Ms. Rollins, does that work for you?

MS. ROLLINS MURPHY: Yes, that works. Thank you.

THE COURT: Okay. Very good. Thank you both for your time. Have a good day.

MS. ROLLINS MURPHY: Thank you, Judge.

MR. ADDEPALLI: Thank you so much. Have a nice day, guys.

(Concluded at 9:32 a.m.)

* * * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ Brenda S. Varney* 7/16/2025
Official Court Reporter

# TAB C

**Transcript of Telephonic Status Hearing**

Held October 30, 2025 — Before the Hon. Andrea R. Wood

Addepalli v. Infosys Limited, Case No. 24 C 12933 (N.D. Ill.)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VENKATESWARA RAO ADDEPALLI, | ) | Case No. 24 C 12933 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INFOSYS LIMITED, | ) | Chicago, Illinois |
| | ) | October 30, 2025 |
| Defendant. | ) | 10:06 a.m. |

TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiff: MR. VENKATESWARA RAO ADDEPALLI, Pro Se
1850 Heather Street
Bolingbrook, Illinois 60490

For the Defendant: FAEGRE DRINKER BIDDLE & REATH LLP
BY: MS. SAMANTHA ROLLINS MURPHY
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402

Court Reporter: BRENDA S. VARNEY, CSR, RDR, CRR
Official Court Reporter
219 South Dearborn Street, Suite 2144D
Chicago, Illinois 60604
(312) 554-8931
*brenda_varney@ilnd.uscourts.gov*

* * * * * * * * * * * * * * * * * * * *

PROCEEDINGS RECORDED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard via telephone:)

THE CLERK: Calling the next case, 24 CV 12933, Addepalli versus Infosys, for status.

MR. ADDEPALLI: Yeah. This is the plaintiff, Vankateswara Rao Addepalli. Good morning, everyone.

MS. ROLLINS: Good morning. This is Samantha Rollins for defendant Infosys.

THE COURT: Thank you, Counsel and Mr. Addepalli.

So I now have fully briefed the motion to lift the stay and declare the arbitration agreement unenforceable.

Again, this is a case where I had found that the claims raised were subject to an arbitration agreement, and therefore, the parties would have to go to arbitration. And, according to the recent authority, it's very clear that if there is an enforceable arbitration agreement, the litigation in federal court is to be stayed pending arbitration.

So I understand the plaintiff to be trying to revisit the issue to make an argument that the arbitration agreement is not, in fact, enforceable. That is fully briefed, including a surreply that was filed by the plaintiff. I do not recall granting any leave for a surreply, but maybe that just includes the exhibits, if I'm recalling correctly. Let me see here. Yes.

So the short status update from my end is based on my initial review of what's been submitted and the arguments that

the plaintiff wants to raise, I intend to issue a written ruling in short order that will address the issue and, I think, resolve it in the short term.

I don't believe that I need any further briefing or argument. I think that both sides have stated their positions very clearly, and I just need to get a written ruling to the parties to see if there's any reason to reconsider the stay pending arbitration.

I'd like to set a post ruling status date. Given that the stay is in place unless and until I issue an order vacating the stay, there's no discovery or other proceeding to go forward in this court.

I'll hear from the parties if there's anything you'd like that add. This is the first status hearing since the motion was fully briefed. You don't need to reiterate arguments made in the filings, but if there is something that you want to bring to my attention or any more recent development that I should be aware of as I take this under advisement, this is your opportunity.

I'll start with Mr. Addepalli.

MR. ADDEPALLI: Yeah. This is the plaintiff, Addepalli.

The only thing additionally I would bring to the notice of the Court is that the screen shot of the consent where there was no reference to the mutual arbitration

agreement, I was able to find an email where I shared that screen shot with the Infosys employees so they were aware that what I consented to was what was visible on the screen shot and nothing more than that.

If you want, I can file that by email copy as additional evidence if the Court would permit me to do it.

THE COURT: That's the screen shot that is attached as the exhibit to your recent filing?

MR. ADDEPALLI: That's right.

THE COURT: Okay. Because that's very clear. It's easy to read. There's no difficulty there.

MR. ADDEPALLI: Right, but all that I'm trying to say is the screen shot was shared with the defendant Infosys at the time of employment also, so they were aware of that screen shot.

THE COURT: Okay. I understand. I understand your point. Thank you.

MR. ADDEPALLI: That's all, Your Honor. Nothing else more from my side.

THE COURT: Thank you.

What about for the defendant?

MS. ROLLINS: Nothing for the defendant, Your Honor.

THE COURT: Okay. Laritza, can we set a further status date, sort of a regular status? I know we are running out of spots on our calendar in the next few weeks.

MR. ADDEPALLI: Your Honor, I just want one request.

Is it possible we can have the status date sometime in the -- after the first week of December? Because I'm planning to take some vacation.

THE COURT: That's fine. And perhaps to give the parties an opportunity if there are going to be further proceedings here, if your motion is successful, there would need to be a meet and confer and some discussions on how to proceed, so perhaps the first week of January to avoid your vacation and the end-of-the-year holiday.

Laritza, if you can suggest something.

THE CLERK: Yes, Judge. We can do January 7th at 9:45.

MR. ADDEPALLI: Sounds good to me.

MS. ROLLINS: That works for defense counsel.

THE COURT: Okay. Thank you both for your time this morning. Have a good day.

(Concluded at 10:13 a.m.)

* * * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ Brenda S. Varney* 11/5/2025
Official Court Reporter

# TAB D

**Transcript of Telephonic Status Hearing**

Held May 12, 2026 — Before the Hon. Andrea R. Wood

Addepalli v. Infosys Limited, Case No. 24 C 12933 (N.D. Ill.)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENKATESWARA RAO ADDEPALLI, Plaintiff, v. INFOSYS LIMITED, Defendant. | ) Case No. 24 C 12933 ) ) ) ) ) ) ) Chicago, Illinois ) May 12, 2026 ) 9:36 a.m. |

TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

Plaintiff, *pro se*: MR. VENKATESWARA RAO ADDEPALLI
1850 Heather Street
Bolingbrook, Illinois 60490

For the Defendant: FAEGRE DRINKER BIDDLE & REATH LLP
BY: MS. SAMANTHA ROLLINS MURPHY
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402

Court Reporter: SANDRA M. TENNIS, CSR, RMR, FCRR
Official Court Reporter
219 S. Dearborn Street, Room 2260
Chicago, Illinois 60604
Telephone: (312) 554-8244
sandra_tennis@ilnd.uscourts.gov

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard via telephone:)

THE CLERK: Calling the next case. 24 CV 12933, Addepalli versus Infosys, for status.

MR. ADDEPALLI: Yeah, this is Venkateswara Rao Addepalli. Good morning.

THE COURT: Good morning, Mr. Addepalli.

MS. ROLLINS MURPHY: And good morning. Samantha Rollins Murphy for defendant, Infosys.

THE COURT: Thank you.

Okay, Mr. Addepalli, I have now a motion for reconsideration of my prior ruling, which was really already a ruling on a motion for reconsideration, and I had gotten a written response from the defendant.

Having taken a look at the briefs, I'm going to give you an opportunity to explain to me briefly why you think this information that you have put in your most recent motion is newly discovered evidence. It appears that everything that you submitted in support of your motion, even though you're calling it new evidence, it's actually all information that you had for the duration of this case. There's nothing new, and there's no reason that you couldn't have presented it in response to the original motion to compel arbitration or in support of your prior motion for reconsideration.

So regardless of whether I actually think it makes a difference for the ruling, it doesn't seem like this is the

type of information that should be presented for the first time on a motion for reconsideration. Do you have some reason that you can present as to why this is actually new evidence?

MR. ADDEPALLI: Your Honor, see, I am a pro se. I'm not a professional. Okay, see. These are e-mails dating back from, like, four, five years back. It took us time to even discover they existed, you know. See, I have only very limited resources, you know, to do that, so.

And not only that, see, I never knew that I had to file an affidavit. So we had to do that also. So without -- the first ruling we got, the very first time, it said that we didn't have an affidavit so the Court doesn't want to believe anything we say.

Okay. So that -- so those are the two things that -- events that we wanted to cover, okay. So essentially that's what's new evidence, okay. Did we have -- did we have this evidence before? Yes. But, did we knew that they existed? No. So I had to do some more research to find out what exactly went on, with the limited resources I have, and we eventually discovered those things. So it does kind of constitute new evidence.

And just to take the opportunity to just to bring in one more aspect of this case, is that, a $20-billion-company with an army of HR people and with an army of attorneys puts forward an arbitration agreement that is unconstitutional,

illegal, and arbitrary because it was manufactured in, like, after the EEOC, after they lost the case at EEOC. If they had the arbitration agreement before, they should have brought it when we went to the EEOC that month. See, because the arbitration agreement never existed. That's why there's no question of me consenting to it. So we, again insisted never, ever consented to it. We tried to explain to the Court the same prospect why the arbitration agreement is unconstitutional, illegal, and arbitrary because it was manufactured overnight. It's such a big company, but don't have, like, 30 things that are not enforceable in the arbitration agreement.

And the whole thing is that, if you go to arbitration, they are only creating a legal limbo because I don't know how anybody is going to enter an agreement that has Texas jurisdiction for a case in Illinois.

THE COURT: I'm sorry, I'm afraid I didn't understand the last point. Perhaps you could explain yourself a little bit further.

MR. ADDEPALLI: Yeah, because the arbitration agreement very clearly said it is out of the Texas -- Texas law jurisdiction. So this case is all about an employee working in Illinois from home, and how are we going to implement the Texas law for this. And we have explained this in our filings, also.

THE COURT: I see.

MR. ADDEPALLI: So it creates a legal limbo because the arbitration will never happen in a meaningful way.

THE COURT: And why would it not happen in a meaningful way?

MR. ADDEPALLI: How can you implement a Texas law -- enforce a Texas law for a case in Illinois?

THE COURT: Well, it happens all the time. I'm frequently asked to apply Texas law to cases. And similarly, you know, anybody, an arbitrator who is looking at claims, it is not unusual to have to apply a different state's law if that is what the parties have agreed to. That's actually not unusual at all.

MR. ADDEPALLI: But, again, one more thing I want to say is that, see, if it existed, the arbitration agreement, they should have brought it up when we first went to EEOC, they would have said that. But they never said that because it never existed, okay.

And the other thing I want to insist on is that, okay, see, in the screen shot, for the consent, it very clearly says the employees may work in any state that wherever he's assigned a project and in charge of his own expenses. So probably, if at all, the defendant can say that it's applicable when the employee was to be assigned to Texas, not in Illinois.

But, again, see, the question is, like, if the arbitration agreement already existed, it should have been

there, it should have existed even when we went before EEOC, for more than a year, or two years. They never even talked about it. They never said something of it existing. Suddenly it pops up only when we go to -- when we file our complaint to the Court. So it never existed. So they raised the question about a consenting date.

Anyway, I think that's all I would like to say, your Honor.

THE COURT: I understand. Okay. I will take that under advisement.

Since I did give Mr. Addepalli an opportunity to respond, I'll see if there's anything limited to that that defense counsel would like to add today.

MS. ROLLINS MURPHY: No, thank you, your Honor. I think we've addressed those points in our brief.

THE COURT: Okay.

Okay, Mr. Addepalli, I'm going to issue a written order. I'll take a look back at your submissions. But I do think that it is important to sort of clarify that I understand that it can be challenging to litigate as a pro se litigant, and I make every effort to construe arguments liberally, pleadings liberally. There is an approach to make sure that pro se litigants are able to participate fully when they are representing themselves. However, it can't go so far as to allow pro se litigants to not follow the rules because they

didn't know about them, whatever. It can't get to the point where it's prejudicing the other side because a pro se litigant is given multiple bites at the apple to do something because as a non-lawyer they didn't realize the right way to present something the first time, or the second time, and it takes three or four times to do that.

So I will give full consideration to what you have put in your papers and what you have said today, but I do have to view it through the lens of what is construing pro se filings liberally and giving sort of the benefit of the doubt to a pro se litigant, balanced by the need to make sure that the rules are applied evenhandedly and fairly to the other side in the case that is represented by counsel. The mere fact that somebody represents themselves doesn't exempt them from the procedural requirements.

So I will take a look at what you've submitted and your explanation for why you've submitted it. I will issue an order quickly, now that everything is fully briefed and I had an answer to my question. And I will ask the courtroom deputy to put a continued status date on the calendar in mid-June, if we need it, once the order is issued.

Laritza, if you could suggest a date and time for that, please.

THE CLERK: Yes, Judge. We can do June 23rd at 8:45.

MS. ROLLINS MURPHY: That should work for defense

counsel.

THE COURT: Mr. Addepalli?

MR. ADDEPALLI: Yeah, I'm fine with that.

THE COURT: Very good. Thank you for calling in. Thank you for answering my question. Have a good day.

MS. ROLLINS MURPHY: Thank you, your Honor.

(Proceedings concluded at 9:47 a.m.)

* * * * *

I certify that the foregoing is a correct transcript, to the extent possible, of the record of proceedings in the above-entitled matter given the limitations of conducting proceedings via telephone.

*/s/ SANDRA M. TENNIS* *May 12, 2026*
SANDRA M. TENNIS, CSR, RMR, FCRR
Official Court Reporter

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, I caused a true and correct copy of the foregoing Appendix to Petition for Writ of Mandamus (Transcripts of Court Hearings) to be served on counsel of record for Respondent Infosys Ltd. and on the Honorable Andrea R. Wood, United States District Judge for the Northern District of Illinois, by the methods required by Federal Rule of Appellate Procedure 21(a)(1), including by electronic and/or first-class mail.

Dated: September 3, 2026

Respectfully submitted,

Venkateswara Rao Addepalli
Petitioner, Pro Se
1850 Heather Street
Bolingbrook, Illinois 60490
Telephone: (630) 752-8233
Email: Rao_Add@yahoo.com

VENKATESWARA RAO ADDEPALLI
1850 HEATHER St
BOLINGBROOK IL 60490

Retail
UNITED STATES POSTAL SERVICE®
60604
RDC 03

U.S. POSTAGE PAID
PM
NAPERVILLE, IL 60540
SEP 06, 2026
$18.00
S2324E501013-04

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®
9589 0710 5270 4088 6496 15

CERTIFIED

FIRST CLASS MAIL

**Judge Andrea R. Wood**
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Everett McKinley Dirksen United States Courthouse,
219 S. Dearborn Street,
Room 1732,
Chicago, IL 60604.

RECEIVED
SEP 10 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT